### PRATTE & CABANNE vs. CORL.

1. On an appeal from a justices' court not taken on the day of trial, the court cannot render judgment by default against the appellee, unless notice in writing of the appeal has been served upon him at least ten days before the first day of the term.

2. On a judgment by default, the court cannot assess the damages, unless the suit be founded on an instrument in writing, by which the demand is ascertained.

## APPEAL from St. Louis Court of Common Pleas.

EAGER & HILL for Appellant.

GANNT, for Appellee.

TOMPKINS, J. delivered the opinion of the court.

John H. Corl sued Julius H. Cabanne and Bernard Pratte, on an account, before a justice of the peace, and judgment being given against him by the justice, he appealed to the court of common pleas of St. Louis county. That court gave judgment in favor of Corl, against the defendants, Pratte and Cabanne, and to reverse it they appeal to this court.

The verdict and judgment of the court of common pleas is in the words following, viz: "And now at this day comes the plaintiff by his

attorney, and submits his cause to the court, which being heard, and the court being sufficiently advised of, and concerning the premises, doth find that the defendants do owe the said plaintiff the sum of ninety dollars. It is therefore considered by the court, that the said plaintiff recover of said defendants the sum of money aforesaid, by the court found to be due and owning, and also his costs, &c."

By the bill of exceptions, it appears that the defendants in this cause being called on, did not appear, and the cause being submitted to the court sitting as a jury, by the plaintiff, a verdict and judgment were given for him, and the defendants filed a motion for a new trial, for reasons also filed. Two of these reasons only are thought material to be noticed. The first is, because the trial was by the court and not by a jury; 2d, because the plaintiff was the appellant, and the appeal was taken four days after the trial before the justice, and no notice of the appeal was served by the plaintiff, appellant, on the defendants, appellees. The motion to set aside this judgment was overruled, and the defendants, having excepted to the decision of the court of common pleas, appealed to this court.

The 8th section of the 13th article of the State Constitution, declares "that the right of trial by jury shall remain inviolate;" and the 15th section of the 4th article of the act to regulate practice at law, that the trial shall be by the court, when neither party shall demand a trial by a jury, and the cause is not referred; and that when either party shall demand a trial by jury, it shall be so tried. This provision in the act to regulate practice at law, evidently supposes both parties to be present, and in a situation to make an election of the mode of trial. But in this cause, it does not appear from the judgment itself, that the defendants were present, and it appears from the bill of exceptions, that they were not present. The judgment then was a judgment by default, and in such case, the 35th section of the 3d article of the act to regulate practice at law, in express terms directs that "the damages shall be assessed by a jury empannelled in the court for that purpose, when the suit is not founded on an instrument of writing, by which the demand is ascertained." But this suit was founded on an account. The court of common pleas then violated by this decision, the provisions of the 35th section of the 3rd article of the act to regulate practice at law, and in this committed error.

2d. The appeal was taken four days after the trial before the justice of the peace, and the plaintiff, appellant, gave no notice in writing of the appeal.

The 14th section of the 8th article of the act to establish justices'

courts, provides that, "If an appeal be not allowed on the same day on which the judgment is rendered, the appellant shall serve the appellee, at least ten days before the first day of the term at which the cause is to be determined, with a notice in writing, stating the fact that an appeal has been taken from the judgment therein specified." It is not pretended that any notice in writing has been given. But it is contended that Pratte and Cabanne, appellants to this court, have done acts amounting to a waiver of notice; that is to say, that Pratte & Cabanne had summoned the plaintiff Corl, and other witnesses, to appear and testify in this cause." The statute commands the party appealing, in terms the most explicit, to give the appellee notice in writing ten days at least before the first day of the term at which the cause is to be determined; p. 371 of the Digest of 1835 above cited. But admitting for a moment the fact of the summoning of the plaintiff by the defendant, appellee, or the summoning the defendant by the plaintiff, appellant, for each summoned the other, as appears on the bill of exceptions, were equivalent to the written notice required by the statute above mentioned, it appears from the subpœnas themselves, that the trial was to take place on the 23d of October, 1844, and one subpœna is dated on the 17th, another on the 18th, and the third on the 22d October, of the same year; the earliest date of the three, only five days before the return day, and the law requires ten days notice in writing, stating the fact, that an appeal has been taken from the judgment therein specified. Now if it were admitted that these facts, that the defendant had summoned the plaintiff, or that the plaintiff had summoned the defendant to testify, were equivalent to a notice in writing of the appeal taken by the plaintiff four days after the justices' trial, still the time of the implied notice, is but half as long as the 14th section above cited requires. This extravagant proposition is attempted to be maintained on the authority of cases decided by this court. The first of these cases relied on by the appellants, is Whiting, et al, vs. Budd, 5 Mo. Rep. 443, in which it was decided that "in assumpsit against A. & B. and attachment against their goods, they not being served with process, if they however come in on the 12th day of the term, and file a motion to dissolve the attachment, this motion is a sufficient appearance in court to authorize the same steps as though they had been duly summoned." The second case was that of Atwood vs. Reyburn. This was a suit commenced before a justice of the peace, by Reyburn against Atwood. The summons was returned served by the deputy constable, the name of principal not being subscribed to the return, but that of the deputy. Atwood appeared and made defence, and judgment going against At-

wood, he appealed to the circuit court, and the cause was tried before the circuit court, Atwood appearing and defending. The circuit court decided the cause against him, and he assigned this defective return of the deputy constable, as an error for which, as he contended, the judgment of the circuit court ought to be reversed. This court decided that after twice appearing in compliance with the summons and defending the cause, he should not be permitted to contest the correctness of a return which he had twice waived. The acts of the defendants in both of the cases, by which it was decided that they had waived the want of notice, were acts of record in the court. The acts of the party in this cause, by which it is contended that they had waived notice of the appeal in writing, were matters in *pais*, to wit: the issuing of a subpœna, and the subpœna was issued only five days before the first day of the term, when the law required the notice to be served at least ten days before the first day of the term, as well as to be in writing. But the appellant contends, that as the appellees did not apply under the 15th section of the 8th article of the said act, for a continuance of the cause, they will not be permitted now to contend that the appellant had not a right to take a judgment at the return term. This would all be very true, if the appellees had appeared in court and taken any step in the cause; that is to say, had they appeared and agreed to submit the cause to be tried by the court, or to be tried in any of the three modes prescribed by the law. But even if the appellant had given the notice required by law, the judgment ought to be reversed, because the suit not being founded on an instrument of writing by which the demand is ascertained, the court did not empannel a jury to assess the damages.

Because the appellants did not give the appellee ten days notice in writing, of the appeal taken by him four days after the trial by the justice; and because the court did not empannel a jury to assess the damages, the suit not being founded on an instrument of writing by which the demand is ascertained, its judgment is reversed.