————o————

BENJAMIN F. JONES, Respondent, *vs.* THE ST. JOSEPH FIRE & MARINE INSURANCE COMPANY, Appellant.

1. *Practice, civil—Records may be amended nunc pro tunc, when.*—After a case has been appealed to the Supreme Court, the Circuit Court has power to amend its records by entries *nunc pro tunc*. (De Kalb Co. vs. Hixon, 44 Mo., 341.)

2. *Practice, civil—Motion for new trial—Action of court on—When discretionary.*—It is a matter resting in the discretion of the court to overrule a motion for new trial, based upon the allegation, that at the day of the trial one of the attorneys had just died, and his partner was so ill as to be unable to attend court.

3. *Practice, civil—Jury—Waived when—Const. Stat.*—Where neither defendant nor his attorneys are present on the day set for trial, the court may, although

answer has been filed, proceed to try the case *ex parte*, without a jury. In such case a jury is held to be waived. (Wagn. Stat., 1041, § 14.) Filing of an answer is not an "appearance" as meant by that statute.

4. *Insurance—Allegations, as to value and loss—What sufficient, after verdict.*— In suit upon a fire insurance policy the petition alleged that defendant insured plaintiff to the amount of $1200, on certain property described; and that the property was totally destroyed by fire. *Held*, that the averments of value and loss, were sufficient after verdict.

*Appeal from Clinton Circuit Court.*

*B. R. Vineyard, Judson and Bernard,* for Appellant.

I. The petition nowhere alleges the value of the property destroyed, or that it was of any value whatever, or that the plaintiff sustained any loss, or that the destruction of said property so insured was any damage or loss to plaintiff.

II. The court without the intervention of a jury had no authority to try and determine the matters in controversy in this case. (Wagn. Stat., 1040, § 12.) The defendant had filed an answer pleading to the merits. This was an "appearance" as meant by the statute. (Wagn. Stat., 1041, § 14; Benton vs. Lindell, 10 Mo., 557; Pratt vs. Carl, 9 Mo., 164.)

III. After an appeal taken from the Circuit Court', the record cannot be changed or altered by either party, nor can an entry be made *nunc pro tunc*, and no addition can be made to the record. (Stewart vs. Stringer, 41 Mo., 400; Ladd vs. Couzins, 35 Mo., 513.) The *nunc pro tunc* judgment entered in the court below, was made without the introduction of any evidence whatever. Several terms of the Circuit Court had intervened, and to correct the judgment without evidence, was a usurpation of power and authority on the part of the trial court, unwarranted by law. (Saxton vs. Smith, 50 Mo., 490; Gibson vs. Chouteau, 45 Mo., 171.)

*Wm. Henry,* for Respondent.

I. The appellant waived its right to a trial by jury by failing to appear at the trial of the case. (Wagn. Stat., 1041, § 14.)

II. This court will not interfere with the discretion of an

inferior court in refusing to set aside a judgment, after a trial at which the defendant failed to appear, except in a very plain case. (Brolaski vs. Putnam, 34 Mo., 459; 40 Mo., 178.)

III. There can be no advantage taken of the petition now. The point was not raised in the Circuit Court, and it is good after verdict; the defects in the allegations of damages, etc., being cured by intendment of law. (Steph. Pldgs. 8 Am. Ed., 148–9; Richardson vs. Farmer, 36 Mo., 35; Powell vs. Reynolds, 51 Mo., 154; Bowie vs. Kansas City, 51 Mo., 454.)

IV. It cannot be doubted, that the *nunc pro tunc* entry might properly be made by the Circuit Court (Mann vs. Schroer, 50 Mo., 306; Priest vs. McMaster, 52 Mo., 60; Gibson vs. Chouteau's heirs, 45 Mo., 171); and it makes no difference that the correction of the record was made after the appeal to this court. (De Kalb Co. vs. Hixon, 44 Mo., 341, and authorities there cited.)

NAPTON, Judge, delivered the opinion of the court.

Since this case came here by appeal, an amendment *nunc pro tunc* of the judgment originally entered was made in the Circuit Court, correcting errors in the original entry made by the clerk. This was done on motion after due notice to the opposite party; and the correction having been ordered and made, we will presume that the court had sufficient evidence in its records to authorize the change in the entry; and the objection now taken, that the court had no power, after the case was brought here by appeal or writ of error to make an entry *nunc pro tunc*, has been heretofore considered and determined otherwise by this court, on the authorities cited. (De Kalb Co. vs. Hixon, 44 Mo., 342.)

The action was on a policy of insurance to recover the amount insured on account of the destruction of a house by fire. An answer was filed to the petition, and a replication filed to the answer, but on the day set for the trial the de-

fendant did not appear and the case was tried by the court *ex parte* plaintiff, and a verdict given and judgment for the plaintiff. Subsequently a motion was made by the defendant to set aside this verdict, on the ground that one of the defendant's attorneys died shortly before the term of the court, and his partner was sick at his home in Chillicothe at the day of trial, and could not attend to the case, but the court overruled the motion. It was also urged, that the court had no power to try the case, as the defendant did not waive his right to a jury. Both grounds were decided insufficient and a new trial refused. The defendant also moved in arrest on the ground that the petition did not state any cause of action, which was also overruled, and the case is brought here for review.

It was a matter of discretion with the court to set aside the verdict, for the causes alleged in the affidavits and motion of defendant, and we cannot see that it was improperly exercised. It does not appear that there would have been any difficulty in defendants employing other counsel. In regard to the waiver of a jury trial the statute seems to be very plain. Sec. 14 says, "parties to an issue of fact shall be deemed to have waived a trial by jury in the following cases: First, by failing to appear at the trial," etc. The cases of Benton vs. Lindell, (10 Mo., 557,) and Pratt vs. Carl, (9 Mo., 164;) are decisions under our statutes when they were materially different from the present. As to the motion in arrest on account of the petition not stating facts sufficient to constitute a cause of action, it was properly overruled.

The objections to the petition are, that it nowhere alleges the value of the property insured, or that it was of any value, or that its destruction was any damage to plaintiff. The petition alleges that defendant undertook to insure the plaintiff against any loss by fire to the amount of $1200, on certain property described, and that by said policy the defendant promised to make good unto plaintiff all such loss and damage sustained by plaintiff as should happen by fire to the property insured, to be paid within sixty days after proof of

loss and due notice. It is further stated that on the 20th of October, 1871, the said property so insured by defendant and at said date owned by plaintiff was totally destroyed by fire. That he forthwith gave notice, etc., and delivered a particular account of loss, etc., and performed all the conditions on his part to be done, etc.,

These averments of value and loss would seem to be sufficient after verdict. That the property insured was totally destroyed by fire would seem to be a distinct averment of loss to the amount of the value of the property. That an insurance was given on this property to the amount of $1200, would strongly imply that, at least in the estimation of the underwriters, it was at least worth as much as that or more.

We think the petition good after verdict, and therefore affirm the judgment. The other judges concur.