## GUSTIN v. CONCORDIA FIRE INSURANCE COMPANY, Appellant.

### Division Two, June 28, 1901.

1. **Fire Insurance:** PLEADING: VALUE OF PROPERTY: EVIDENCE: VERDICT. In a suit on a fire insurance policy, the value of the property insured should be stated, and that is a material allegation. But if the parties go to trial as if such material averment were stated, and each side introduces evidence showing the value of the property, and the petition states the property was insured for so much and that it was totally destroyed, the petition is not fatally defective after verdict. (Following Jones v. Insurance Co., 55 Mo. 342, and overruling Coleman v. Insurance Co., 69 Mo. App. 566.)

2. ———: ———: OWNERSHIP. Where the petition alleges that defendant by a certain policy "insured plaintiff's property, to-wit, his furniture and fixtures," etc., there is enough in the defective and awkward statement of his ownership to bring it within the rule of a defective statement of a good cause of action, and hence the averment will be held sufficient after verdict, as the proofs, without objection, showed plaintiff was the owner of the goods when insured and when destroyed.

Transferred from Kansas City Court of Appeals.

AFFIRMED.

*F. B. Ellis* for appellant.

(1) The petition does not state the value of the property. For aught we know or can know by the petition, the property might not be worth ten cents, or it may be worth $100,000. The petition must state the value of the property in suits on

policies of insurance. The value of the property is a constituted fact which must be alleged and proved. If this is not proved, then the plaintiff has no cause of action against the defendant. A petition which fails to state the value of the property, fails to state a cause of action. Story v. Ins. Co., 61 Mo. App. 534; Coleman v. Ins. Co., 69 Mo. App. 566; Saffington v. Ins. Co., 71 Mo. App. 74. (2) A petition which states no cause of action is not cured by verdict. Lantz v. King, 93 Mo. 573; Paddock v. Vance, 94 Mo. 283; Bagby v. Emerson, 79 Mo. 139. (3) The petition fails to state that the plaintiff was the owner of the property when it was insured. This is a fatal defect; it must be alleged and proved. Wolfe v. Ins. Co., 75 Mo. App. 306. (4) The only allegation of ownership is, that defendant insured plaintiff on his stock of goods. This is no allegation of ownership, and it has so been held; it will not support the judgment. Clevenger v. Ins. Co., 71 Mo. App. 75; Ins. Co. v. Dauber (Tex.), 26 S. W. 628; Fowler v. Ins. Co., 26 N. Y. 26. (5) The petition fails to state that the goods were in the building in which they were insured at the time they were burned. There is no allegation whatever as to where the goods burned. Wright v. Ins. Co., 73 Mo. App. 365; Todd v. Ins. Co., 1 Mo. App. 472.

*E. C. Hall* for respondent.

Although a pleading may be defective, yet if it appear, after verdict, that the verdict could not have been rendered without proof of the matters omitted in the pleading, the defect will be cured by verdict and the judgment will not be arrested. Jones v. Louderman, 39 Mo. 287; Richardson v. Farmer, 36 Mo. 36; Shaler v. Van Wormer, 33 Mo. 386; Jones v. Ins. Co., 55 Mo. 342; Edmonson v. Phillips, 73 Mo. 57; State ex rel. v. Williams, 77 Mo. 463; Grove v. City of Kansas, 75 Mo.

672; Peck v. Bridwell, 10 Mo. App. 524; Frost v. Pryor, 7 Mo. 314; Hurst v. City of Ash Grove, 96 Mo. 168. It is a fixed policy of Missouri practice that parties litigant will be confined to the course of action they have adopted throughout the trial, even though that course be inconsistent with the one indicated by the pleadings on file, and when the parties to the action, at the trial, pursue a certain line of conduct as though the pleading authorized and required it, and treat a matter, not pleaded, as if it were pleaded, make no objection to evidence offered on the point, neither party will, afterwards, be heard to say that such a course was not warranted by the written pleadings in the case. Hill v. Drug Co., 140 Mo. 433.

GANTT, J.—This is an action on a fire insurance policy issued by the defendant company to plaintiff, whereby defendant insured plaintiff against loss by fire to the amount of four hundred dollars on his furniture, fixtures, pool and billiard tables, chairs, cues and racks, billiard balls, stoves, carpets, beds, and all such other articles contained in the one-story brick building occupied by plaintiff, and situated on lot 8, Riley's subdivision, of the original town of Plattsburg, Missouri. The judgment of the circuit court was for the plaintiff and that judgment was affirmed by the Kansas City Court of Appeals, but as the Court of Appeals was of opinion that its judgment was in conflict with the opinion of the St. Louis Court of Appeals in Coleman v. Insurance Co., 69 Mo. App. 566, it certified the cause to this court in obedience to the requirement of the Constitution of this State.

As the insufficiency of the petition to state a cause of action is the principal ground upon which a reversal is sought, we insert the pleadings:

"Plaintiff states that the defendant is a corporation duly organized and acting under and by virtue of the laws of the

State of Wisconsin, and at all times hereinafter mentioned, was duly authorized and operating its business as a fire insurance company in the State of Missouri by virtue of the laws thereof. That on the ninth day of January, 1897, the said defendant, by its policy of insurance, No. 9373, herewith filed and marked by 'Exhibit A,' insured plaintiff's property to-wit, his furniture and fixtures, billiard tables, chairs, cues and racks, billiard balls, stoves, carpets, beds, bedding and all other such articles while contained in the one-story brick metal-roof building occupied by the insured and situated on lot 8 in Riley's subdivision of the original town of Plattsburg in the total sum of four hundred dollars, against all direct loss or damage by fire, for one year from said date; that said policy was duly executed and delivered to the plaintiff for and in consideration of the premium of seven dollars then and there paid by plaintiff to defendant's agents, Finch & Gordon, of the city of Plattsburg. That afterwards, to-wit, on the twenty-eighth day of January, 1897, all of the property aforesaid, insured as aforesaid, was totally destroyed by fire, without any fault or negligence of plaintiff, to plaintiff's damage in the sum of four hundred dollars. That afterwards, and within the time limited in said policy, the plaintiff made out and delivered to the defendant a complete proof of loss, under and by virtue of said fire, of the property so insured. That notwithstanding such insurance on the part of the defendant and the payment of the premium and a full compliance with all the conditions of said policy by the plaintiff, the defendant has failed, neglected and refused to pay the amount of said loss and damage, and still fails and refuses so to do, to the plaintiff's damage in the sum of four hundred dollars, for which he asks judgment, and for costs herein expended."

The following is the answer:

"Now, at this time comes the defendant in the above-en-

titled cause, and for answer to plaintiff's petition denies each and every allegation therein contained; denies that said Gustin was the owner of said property or any part thereof."

The cause was tried by the court and a jury and resulted in a verdict for plaintiff for $350.

On the trial, plaintiff introduced in evidence, without objection, the policy of insurance. Plaintiff testified in his own behalf that the property described in the policy was his own property; that it was destroyed by fire January 28, 1897. He made out proofs of loss and sent them to the company and received an acknowledgment that the company received them, but declined to pay him; first, on account of the defect in the signature or execution, and, secondly, because there was a bill of sale on the property to secure $40. The property was worth $650; the loss has not been paid. He notified the company's agent, Mr. Finch, when he made the application that there was an incumbrance of $40 on the property to J. A. Trimble.

On the part of defendant the evidence tended to show that the property insured was worth not exceeding $300; that Trimble had a bill of sale to secure a $40 note which was not paid at the time of the fire.

In its motion for new trial the defendant did not complain of the court's instructions for plaintiff.

The specific grounds of error will be noticed in the opinion.

I. Defendant insists the petition is fatally defective in that it fails to aver the value of the property insured and that the defect was not cured by the verdict. This point was made in Jones v. Insurance Co., 55 Mo. 342. In that case Judge NAPTON for the court said: "The objections to the petition are, that it nowhere alleges the value of the property insured, or that it was of any value, or that its destruction was any damage to plaintiff. The petition alleges that defendant undertook to insure the plaintiff against any loss by fire to the amount of

$1,200, on certain property described, and that by said policy the defendant promised to make good unto plaintiff all such loss and damage sustained by plaintiff as should happen by fire to the property insured, to be paid within sixty days after proof of loss and due notice. It is further stated that on the twentieth of October, 1871, the said property, so insured by defendant and at said date owned by plaintiff, was totally destroyed by fire. That he forthwith gave notice, etc., and delivered· a particular account of loss, etc., and performed all the conditions on his part to be done, etc. These averments of value and loss would seem to be sufficient after verdict. That the property insured was totally destroyed by fire would seem to be a distinct averment of loss to the amount of the value of the property. That an insurance was given on this property to the amount of $1,200, would strongly imply that, at least in the estimation of the underwriters, it was at least worth as much as that or more. We think the petition good after verdict."

The current of decisions in this country unquestionably is that a declaration or petition on a fire insurance policy should allege the value of the property destroyed, and for a failure to so aver the petition is demurrable, but it does not follow that because a petition is defective and subject to a general demurrer, that it is insufficient to support a verdict.

On the contrary, as was ruled in Bank v. Scalzo, 127 Mo. loc. cit. 189, it is a well-settled rule at common law, as well as under our code, that if a material matter be not expressly alleged but the same is necessarily implied from the context, the defect is cured after verdict, the presumption being that the plaintiff proved on the trial the facts imperfectly alleged without proof of which he could not have recovered. [2 Tidd's Practice, 919.]

Of course, such a presumption could not be indulged if

the evidence preserved in the bill of exceptions shows no evidence tending to supply the defective averment. [International Bank v. Franklin County, 65 Mo. 110.]

But in this case the presumption is not rebutted by the evidence in the record, but is fully sustained by the proof by plaintiff that the value of his property was $650 and by the further fact that defendant in its evidence took up this issue and offered evidence tending to show that the property was only worth $300.

Moreover, it is said by Judge Bliss in his Code Pleading, section 439 (3 Ed.): "But if the parties go to trial as if it were stated, and if it be of such a nature that its proofs must be presumed or that the verdict would not have been given, the judgment will not be arrested." This is precisely what occurred in this case. The plaintiff proved the value of his property to be $650, without any objection by defendant, and then defendant in its turn took up the issue and sought to reduce the verdict by showing the value did not exceed $300.

So that while the value of the property should have been alleged as a material allegation, and a demurrer might have been successfully interposed, we think the petition is not fatally defective after verdict and see no reason for departing from Jones v. Insurance Co., 55 Mo. 342, and consequently we disapprove Coleman v. Insurance Co., 69 Mo. App. 566, and hold that the Kansas City Court of Appeals announced the correct rule in the opinion of Judge Ellison in this case.

II. As to the contention that there is no allegation that plaintiff was the owner of the property. The averments are defective and awkwardly pleaded, but there is enough to bring it within the rule of the defective statement of a good cause of action, and not an entire failure to state any cause of action, and for the reason invoked as to the failure to allege the value, this averment must also be held sufficient after verdict, as the

Gustin v. Concordia Fire Ins. Co.

proofs without objection showed plaintiff was the owner both when the goods were insured and when destroyed by fire.

A very slight examination would have shown the pleader that it was incumbent on him to state, in a plain and concise manner, the insurable interest of plaintiff in the property, both at the time of the insurance and the loss, and its value. [Dickerman v. Ins. Co., 67 Vt. 99; Hardwick v. Ins. Co., 20 Oregon 547; Fowler v. Ins. Co., 26 N. Y. 422; Quarrier v. Ins. Co., 10 W. Va. 524.]

III. The remaining assignment is that the evidence did not show that the property, when burned, was in the house in which it was when insured. We agree with the Court of Appeals that there was proof sufficient on this point to sustain the verdict. The fire occurred on January 28, 1897. The company agreed to pay the loss sixty days after proof of loss. The proof of loss was made and forwarded about February 15, 1897. This suit was commenced July 8, 1897. All these facts appear from the record and show that the action had accrued when the suit was commenced.

Finally, we feel constrained to say that every proposition urged for reversal could and would have been avoided by plaintiff by the exercise of a small degree of diligence in examining the decided cases, and a treatise on pleading.

The judgment is affirmed. *Sherwood, P. J.,* and *Burgess, J.,* concur.