JOSEPH S. MAUGHIMAN, et al., Respondents, v. NATIONAL BEN-FRANKLIN INS. CO., Appellant.

Kansas City Court of Appeals, April 30, 1917.

1. **INSURANCE: Inspection of Property after Fire.** The provision in an insurance policy allowing insurer an inspection of the insured property remaining after the fire is a reasonable one for the protection of the insurer, and the right cannot be denied even though the damage was to furniture by water and falling plaster and the furniture has been dried and cleaned so that the furniture will not appear to be so badly damages as it would if examined immediately after the fire. In other cases where insured has refused to allow inspection and has made it impossible to secure that right, such violation of the policy has been *held* sufficient to prevent recovery thereon, but where the furniture is still where it can be inspected a new trial will be granted.

2. **PLEADING: Defective Petition: Cured by Verdict.** Although a petition could have been more carefully drawn, yet, unless it is so defective as to wholly fail to state any cause of action, it is not open to attack after verdict but is cured thereby.

3. **TRIAL: Evidence: Motion to Strike Out.** When a witness gives an answer that is unresponsive to the question asked which is a proper one, and the answer is such that it could not be anticipated, the proper practice is to move to strike it out, and such motion cannot be denied on the ground that the party has waited to see what the answer would be before objecting.

4. ———: ———: **Instruction.** Evidence, in a suit on a policy of fire insurance, that plaintiff suffered a daily loss to his business while interrupted by the fire is improper and exceedingly prejudicial when considered with reference to an erroneous instruction that in determining the amount of plaintiff's loss the jury should consider the difference between the value of the property before and after the fire and to "further consider what damages plaintiff may have suffered as a result of said fire."

Appeal from Grundy Circuit Court.—*Hon. G. W. Wanamaker,* Judge.

REVERSED AND REMANDED.

*Lesley P. Robinson* for respondents.

*Bruce Barnett* and *Joseph Brown* for appellant.

TRIMBLE, J.—Plaintiff, as the owner of certain furniture in a hotel at Trenton, Mo., brought suit on a policy of insurance to recover a loss sustained by reason of a fire. The suit was for $1000, together with ten per cent damages and a reasonable attorney's fee for vexatious refusal to pay. The jury returned a verdict for $700 loss and $75 attorney's fee.

Criticism is made of the sufficiency of plaintiff's petition. While the petition might have been more carefully drawn, yet it is not open to the charge that it wholly fails to state any cause of action. No attack was made upon it at the trial except by way of an objection to the introduction of any evidence. It is obvious that the petition is amply sufficient after verdict. [Spurlock v. Missouri Pacific Ry., 93 Mo. 530; Gustin v. Concordia Fire Ins. Co., 164 Mo. 172.]

The policy contained a provision to the effect that the insured "as often as required" should exhibit to any person designated by the company all that remained

of the property. The trial took place in Trenton where the hotel and furniture were located. The furniture was not touched by the fire but was merely damaged by being water soaked and covered with falling plaster. Some of it was broken but by far the larger part was retained and used in the hotel. The trial lasted through two days and at noon of the first day defendant's attorney asked plaintiff to permit a furniture man of Trenton to inspect the furniture claimed to be damaged, but plaintiff refused, giving as a reason it was dinner hour at the hotel. That evening after court adjourned defendant made written application to plaintiff and his attorney to be allowed to have two gentlemen of Trenton view the furniture etc., claimed to have been damaged specifying particularly the furniture desired to be seen and naming various different times at which the inspection could be made if the plaintiff would designate the one suitable.

Plaintiff declined to allow an inspection claiming that the furniture would not disclose what the damage had been after having been cleaned, dried and rubbed up. The carpets, bedsteads, dressers and washstands had not been repaired nor revarnished but had been merely cleaned. It would seem that plaintiff was not willing that defendant should have an opportunity to ascertain, or that the jury should learn, to what extent the carpets were damaged after the water had dried out of them and after the lime had been removed. The provision in the policy was a reasonable one for the protection of the insurer especially as to damage to property not ordinarily open to the inspection of the insurer. It is true the furniture would not *appear* to be so badly damaged as it would if examined immediately after the fire, but this was a matter that could easily be explained by the testimony of plaintiff as to the expense and labor necessary to put the furniture back into proper condition. Besides, it would be as unfair to the company to base the loss and damage wholly on the condition and appearance of the furni-

ture while wet and covered with plaster when the *real* damage could not be told, as to the insured to base it on its appearance after it was cleaned up. But defendant's request for an inspection did not require the jury to accept its restored condition as the basis of the damage. The jury could still estimate the loss plaintiff had sustained after considering the work done in restoring the furniture. Plaintiff says he did not allow defendant an inspection after the property had been cleaned and dried because then no one could tell what the damage had been. As above stated, that is not the case; but even if there might be some danger of the damage not being so obvious then as immediately after the fire, still to permit plaintiff to refuse on that ground would be to let him decide that question for himself, and that in the face of the agreement in the policy that he would allow such inspection to be made. It was not for him to determine that no idea of the loss could be formed by an inspection of the property. The provision in the policy is a reasonable one, and so was the demand on the part of the defendant to be allowed to inspect the furniture and ascertain what its condition was after the water had dried out of the carpets and mattresses and after the lime had been removed from the furniture. In other cases where the insured, by selling the property and shipping it away, prevented an inspection it was held that this violation of the policy prevented a recovery thereon. [Oshkosh Match Works v. Manchester Fire Assurance Co., 92 Wis. 510; Astrich v. German-American Ins. Co. of N. Y., 131 Fed. 13.] In this case, however, the furniture is still where it can be inspected.

The testimony of plaintiff that he had suffered a loss of $25 or $30 a day to his hotel business while out of business on account of the fire and the condition of the furniture, should have been stricken out as requested by defendant. The statement was in no way responsive to the question put to the witness, so that, as defendant's attorney said, he could not anticipate that the witness would give such answer until it was

made, and then he immediately moved to strike it out. This motion was overruled and exception saved. Said testimony was improper and exceedingly prejudicial when considered in connection with plaintiff's instruction No. 4 on the measure of damages. This instruction told the jury that in fixing the measure of plaintiff's damages they could consider the difference between the sound value of the property immediately before the fire and the value of the property as damaged, and that they should *"further consider* what damages plaintiff may have sustained as a result of said fire."

As the case must be reversed and remanded for the matters and errors herein above noted, we will not go into the question of whether there was sufficient evidence of a vexatious refusal to pay to justify the submission of that question to the jury.

The judgment is reversed and the cause remanded for a new trial. All concur.