JOHN F. AVERY, RESPONDENT, v. MECHANICS INSURANCE COMPANY, APPELLANT.

Kansas City Court of Appeals. December 5, 1927.

*Landis & Duncan* and *John C. Landis III* for respondent.

*John S. Boyer* and *Crow & Newman* for appellant.

ARNOLD, J.—This is an action to recover on a policy of fire insurance on plaintiff's household goods. From a verdict and judgment for plaintiff in the sum of $540, defendant appeals.

Briefly the facts are that defendant is a corporation of the State of Pennsylvania and is authorized to do business in the State of Missouri. Plaintiff is a resident of the city of St. Joseph, Missouri. On February 5, 1924, in consideration of $6 premium paid by plaintiff, defendant issued its policy of insurance for a period of three years, agreeing thereby to indemnify plaintiff in a sum not exceeding the amount of $600, for total loss or damage by fire of the following described property, while located and contained in assured's home located at No. 6503 Brown street in St. Joseph, Mo., to-wit: All household and kitchen furniture and utensils, useful and ornamental, the property of assured and all members of his family, in-

cluding carpets, rugs, curtains, beds, bedding, family wearing apparel, and other household property while contained in the described building or stored in outbuildings on the described premises. Also covering the interest which assured might have in articles, covered under the terms of the policy, purchased on the installment plan.

Plaintiff lived with his family at No. 6503 Brown street and he also owned an unfinished house adjoining, known as 6501 Brown street. On the night of July 24, 1924, while the said policy was in effect, there was a fire which destroyed the house numbered 6503, together with plaintiff's household goods, excepting a few articles shown to have been damaged. Defendant company was notified and in a short time thereafter an adjuster for defendant appeared.

The testimony of plaintiff tends to show that at the time of the fire he was in great need of money; that the adjuster told him $300 was the limit of defendant's liability under the policy, and that no greater sum would be paid him; that if he would accept said amount it would be paid him in a few days; that, owing to his financial condition and relying upon the truthfulness of the adjuster's statement that he could not recover a greater sum, he agreed to accept a settlement of $300, providing the amount was paid at once. This agreement was reached on July 27, 1924, and on that date a proof of loss was signed. The draft was not issued until September 24. 1924, and plaintiff states he had no knowledge of its issuance and receipt in St. Joseph until October 5, 1924. Plaintiff refused to accept the said draft in full settlement of his loss, and instituted an action alleging total loss and asking judgment for the full amount of the policy.

The petition alleged proper formal matters and charged that under the terms of the policy he duly notified defendant of the complete loss and destruction of the property insured and demanded the full amount of the policy, but that defendant vexatiously and without cause failed and refused to pay said sum. Judgment was sought in the sum of $600, ten per cent. penalty for vexatious refusal to pay and $250 attorney's fee.

Defendant filed its second amended answer stating that long prior to the institution of said cause, plaintiff and defendant finally settled said claim, by which defendant was to pay plaintiff the sum of $300, and that the amount of said settlement was to be left with one Harry Niedorp, and the said amount was to be accepted in full settlement of all claims under and by virtue of said loss; that said amount was to be delivered to N. D. Biles & Co.; that defendant delivered said draft to Niedorp as agreed and that Niedorp has at all times since been able and willing to pay said amount as per agreement, but that plaintiff has at all times refused to accept same;

that defendant tenders said draft into court; that said policy provides, in part, as follows:

"In the event of disagreement as to the amount of loss the same shall, as above provided, be ascertained by two competent and disinterested appraisers, the insured and this company each selecting one, and the two so chosen shall first select a competent and disinterested umpire; the appraisers together shall then estimate and appraise the loss, stating separately sound value and damage, and, failing to agree, shall submit their differences to the umpire; and the award in writing of any two shall determine the amount of such loss; the parties thereto shall pay the appraiser reselected by them and shall bear equally the expenses of the appraisal and umpire.

". . . and the loss shall not become payable until sixty days after the notice, ascertainment, estimate and satisfactory proof of the loss herein required have been received by this company, including an award by appraisers when appraisal has been required."

The answer further avers that there was a disagreement between plaintiff and defendant as to the amount of the loss, if the loss was not agreed upon and settled, as pleaded in this answer; that plaintiff has at no time demanded or requested an appraisal of the loss, and that plaintiff cannot recover in this cause because no request has been made for such appraisal.

The reply to the second amended answer denies generally; and specifically denies that there was any disagreement between plaintiff and defendant as to the amount of the loss; and denies that defendant, at any time disputed the fact that there was a total loss, or at any time requested or demanded the appointment of appraisers, or demanded an appraisal of said loss or damage; that except for the representations that the money would be immediately paid, he would not have agreed to accept the same sum of $300; that defendant did not carry out the terms of its agreement to pay said sum to plaintiff immediately after entering into said agreement; and did not tender the same for more than sixty days thereafter; that defendant did not carry out the terms of its agreement, and there was no consideration other than herein set out for accepting a lesser sum than the whole amount of the policy, less reasonable depreciation; that, at the time of the destruction of said property plaintiff was indebted to N. D. Biles Lumber Company in the sum of approximately $180; that said sum was secured by a lien upon the dwelling house of plaintiff which was destroyed by fire at the time of the destruction of the household goods in question; and it was understood at the time of said purported settlement that the Biles claim should be deducted from the amount of the settlement for the loss of the house; and that N. D. Biles Lumber Com-

pany would have no further claim of any kind or character against plaintiff; that action has been instituted against defendant for recovery of damages for the destruction of said dwelling, against which the Biles Company had the lien; that the Biles Company had no claim of any kind or character against plaintiff's rights involved in the suit at bar.

This is the second appeal to this court in this case. On the first trial there was a verdict and judgment for plaintiff in the sum of $540, and on appeal to this court the judgment was reversed and the cause remanded for a new trial because of error in an instruction. The cause was retried and judgment was for plaintiff in the sum of $540. The opinion of this court on the former appeal is found in 280 S. W. 726, and we refer thereto for a more detailed statement of facts than is deemed necessary here. In the present appeal it is insisted the court erred in refusing to give a peremptory instruction to the jury to find for defendant, because: (1) The petition does not allege the value of the property at the time of the fire; (2) does not allege the sum claimed to be due and payable; (3) plaintiff failed to plead and prove the value of the property at the time of the fire; (4) the petition does not plead an appraisal or demand by plaintiff for an appraisal.

We hold there is no merit in any of these points. Points 1, 2 and 3 may be considered together. An examination of the petition shows plaintiff at all times claimed a total destruction of the property. It must be held, therefore, that the petition is not faulty in the respect charged.

The valued policy statute fixes the value of the property insured and we so held in our former opinion. [280 S. W. 729.] To hold otherwise would be to run counter to the provisions of section 6239. Revised Statutes 1919; and to attempt a further elucidation of this point would seem to be unwarranted here.

Defendant's point 4 is equally untenable. There is no allegation in the answer that it was plaintiff's duty to demand an appraisal; nor do we find anywhere in the abstract of the policy in evidence such a requirement at his hands. The policy does provide: ". . . in the event of a disagreement as to the amount of the loss the same shall, as above provided, be ascertained by two competent appraisers," etc.

Furthermore, it is plaintiff's contention that there was a total loss and in his petition he states the property was a total loss, which is equivalent to saying there was a loss to the extent of the policy. [Gustin v. Ins. Co., 164 Mo. 172, 176. 64 S. W. 178.] It is a well-established rule that if matter material to plaintiff's cause be not expressly alleged in the petition, it may be implied from what is expressly stated therein, and the defect is cured by verdict. [State

ex inf. v. Lumber Co., 260 Mo. 212, 283, 169 S. W. 145; Karr et al. v. Drainage District (Mo. App.), 297 S. W. 730, 732.] There was no demurrer to the petition upon the grounds that it did not allege the value of the property at the time of the fire; and if there was such defect it was cured by the answer and verdict. [Tiller v. Ins. Co. (Mo. App.), 296 S. W. 464, 466; Koropchensky v. Goddard (Mo. App.), 266 S. W. 343; Wolff v. Fire Ins. Co., 204 Mo. App. 491.]

The general rule as to arbitration is stated in 26 C. J. 417, as follows:

"Under valued policy statutes which provide that in case of total loss the company shall pay the amount of the insurance, a stipulation in the policy for appraisal or arbitration is not applicable in case of total loss. And if the insured consents to arbitration, where there has been a total loss, it is without effect upon his rights. But where an insurer demands an appraisal under the terms of his policy, he will not be permitted to reject the appraisement on the ground that the policy being a valued policy and the loss being total did not permit an appraisement."

And the same authority states, p. 418:

"An appraisement is necessary only when demanded by one or the other of the parties to an insurance contract."

The record herein shows there was no demand for appraisers by either party. In the opinion on former appeal we held the appraisal provided for in the policy is not required where there is a total loss and no property remains after the fire to be viewed by the appraisers. So, we have presented this situation: Plaintiff has insisted throughout that there was a total loss and defendant has urged to the contrary. The logical conclusion therefore is that it was defendant's duty to demand appraisers, and it follows the court did not err in refusing defendant's peremptory instruction in the nature of a demurrer.

It is urged the court was in error in excluding evidence offered by defendant to prove the actual value of the property at the time of the fire. This point is determined against defendant's contention in what we have already said, and we need not pursue it further.

A charge of error is directed against plaintiff's instruction "B" in that the measure of damages proposed is not only incorrect, misleading and confusing, but is wholly unintelligible. A careful examination of the instruction convinces us that it is not open to the criticism directed against it. We find the instruction correctly declares the law and defines the measure of damages. The basis of defendant's objection would seem to be in the fact that the instruction does not conform to defendant's theory of the case—and this we hold to be erroneous. It is said the instruction permits a finding for

loss of property placed in the building after the policy was issued and does not require the jury to find the value of the property lost was the specific property insured. There was testimony tending to show that after the policy was issued, plaintiff put into the house certain items of household goods. From defendant's argument we infer these items were not covered by the policy.

We cannot agree with this position. The policy covered all items of household goods, etc., *while contained in the house designated*. The provisions of the policy quoted above would seem to determine this beyond question, and a further discussion of the point is unwarranted. Defendant cites section 6231, Revised Statutes 1919, in support of its contention. Said section and the citations in support thereof refer to partial destruction of the insured property and clearly could not apply here where a total destruction is alleged.

Complaint is made of instructions "C" and "B" and it is charged these instructions are erroneous and harmful because of the reiterations therein to the effect that defendant cannot deny the household goods insured were of the value of $600 on the date the policy of insurance was issued, and that undue emphasis was placed thereon by such repetition. It is true that in each of these instructions the attention of the jury is directed to this particular phase of the law, but in each instance such statement is made to apply to the particular point covered by the instruction. We can see in this no reversible error. The instructions correctly declare the law in this respect.

It is insisted there is error in instruction "C" because it informs the jury that the agreement for settlement was without consideration unless the jury found there was a substantial dispute as to depreciation and the amount of goods saved, the objection being that "substantial dispute" is not defined. The word "substantial" is of such common usage that it can hardly be misunderstood, nor could it be misleading to defendant's detriment. The objection assumes there was property destroyed by the fire which was not covered by the policy. This assumption is erroneous as we have shown.

It is also charged plaintiff's instruction "D" is erroneous because it permits plaintiff to escape from his contract of settlement if the jury found he was induced by defendant to enter into such contract, with the understanding that the amount was to be paid immediately. Defendant seems to have overlooked the fact that the instruction embraces the vital theory of plaintiff's case in this respect. Therefore we cannot say that it was error to give such instruction.

Complaint is made that the court erred in permitting plaintiff to testify that after the issuance of the policy and prior to the fire,

he had purchased and placed in the building described in the policy furniture of the value of $100, the objection being upon the ground that the policy did not cover the acquired property; but the trial court properly held that it did. Furthermore, defendant's adjuster, Gable, testified that plaintiff had told him he had removed property of the value of $160 from the house before the fire. While plaintiff denied this, the jury seems to have believed Gable on this point. And it also seems to have believed plaintiff to the effect that he had placed new furniture in the house to the value of $100, as is shown by the verdict. The difference between the two items is $60, which, being deducted from the amount of the policy leaves $540, the amount of the judgment. There is no reversible error of record and the judgment is accordingly affirmed. *Bland, J.*, concurs; *Trimble, P. J.*, absent.