Browne v. The Clay Fire & Marine Insurance Company.

BROWNE v. THE CLAY FIRE & MARINE INSURANCE COMPANY,
*Appellant.*

1. **Insurance**: EFFECT OF PROOFS OF LOSS AS EVIDENCE WHEN OFFERED BY THE COMPANY. When an insurance company, being sued upon a policy, defends upon the ground that the plaintiff fraudulently over-valued the property destroyed for the purpose of obtaining the insurance money, and, as a basis of proof, offers in evidence the sworn proofs of loss furnished by plaintiff, that does not make them evidence of the loss in favor of plaintiff. They are only evidence of the fact that they were made and delivered to the company. The principle, that when declarations of a party are introduced in evidence by his adversary, they are to be considered by the jury, as well for the party making as for the party offering them, has no application.

2. **Instructions.** Where the ground upon which a case is defended is fully, fairly and distinctly presented to the jury by several instructions, the fact that another instruction ignores some of the evidence bearing upon the point is not ground for reversing the judgment.

*Appeal from Jackson Special Law and Equity Court.*—HON. R. E COWAN, Judge.

*James Scammon* for appellant, argued that instruction No. 9 should have been given, citing *Newmark v. Liverpool & London Ins. Co.*, 30 Mo. 160; *Howard v. City Fire Ins. Co.*, 4 Denio (N. Y.) 502; *Phœnix Ins. Co. v. Lawrence*, 4 Met. (Ky.) 9; Blackley's Ins. Dig., § 14, p. 264; *Regnier v. Louisiana, S. M. Ins. Co.*, 12 La. 336; also, that instruction No. 2, given for the plaintiff, should have been refused, citing *Thomas v. Babb*, 45 Mo. 384.

*John K. Cravens* for respondent, argued that the proofs were required by the conditions of the policy, and the affidavit was exacted by the defendant; neither of the documents was the voluntary production of the plaintiff, and unless disproved, are presumptively true. The defendant asserted that they were untrue, and the burden of proof was upon it to establish the truth of its assertion and the falsity of the statements contained in the documents.

They were read to the jury by the defendant without any announcement being made that it was only for the purpose of maintaining the defense that plaintiff falsely and knowingly placed an over-valuation on the property with the intent to defraud defendant. It is the uniform rule that declarations of the adverse party, when introduced against him, may be considered by the jury in all aspects favorable to him. Greenl. on Ev., vol. 1, §§ 201, 202; *Insurance Co. v. Newton*, 22 Wall. 32; *Howard v. Newsom*, 5 Mo. 523 ; *Reevs v. Hardy*, 7 Mo. 348.

HENRY, J.—This was an action on a policy of insurance, issued by defendant, on a dwelling house and a lot of wine and vineger stored in the cellar of the dwelling house, to the amount of $2,100. The petition alleged the destruction of the property insured by fire on the 4th day of July, 1874, and a compliance, by plaintiff, with all the conditions of the policy.

The defenses relied upon were: First, That the plaintiff, at the time of procuring the policy, fraudulently placed an over-valuation upon the property insured by means whereof defendant was induced to issue to him the policy sued on; Second, That in his examination and statement furnished to defendant as his account and proof of loss, plaintiff fraudulently placed an over-valuation upon the property for the purpose of obtaining the amount sworn to in such statement. Either of these facts, if proven, constituted a defense to the action, because violative of express conditions of the policy. The evidence for plaintiff tended to prove the value of the property as was alleged by him before procuring the policy, and as placed upon it by him in his statement after the loss occurred. The evidence for defendant tended to prove the property of considerably less value than that placed upon it by plaintiff when the policy was procured, and that placed upon it by plaintiff after the loss occurred in his statement and proof of loss. The defendant introduced in evidence

the statement and proofs of loss, made by plaintiff, to show that plaintiff over-valued the property, and this, in connection with the other evidence, tended to prove the defense of fraudulent over-valuation by plaintiff after the loss occurred.

For plaintiff the court instructed as follows:

No. 1. The court instructs the jury that the pleadings in this case admit that the defendant made the contract of insurance and policy sued upon, and that the plaintiff delivered to the defendant, as required by the conditions of the policy, notice and proofs of loss.

No. 2. If the jury believe from the evidence that the plaintiff was the owner of the property covered by the policy sued on at the date the policy was issued, and that he was the owner of the property covered by the policy at the date of its destruction by fire, you will find for the plaintiff not to exceed the amount covered by the policy on each kind of property insured, to which you will add interest at the rate of six per cent. per annum from October 17th, 1874, unless you further find from the evidence that plaintiff procured the policy by fraud practiced upon the defendant, or that the plaintiff, with the intent to defraud the defendant, falsely and knowingly over-rated and over valued the property destroyed.

The following instructions were asked by the defendant:

No. 1. The court instructs the jury that the burden of proof in this case is upon the plaintiff, and that he is bound to make out his case by a preponderance of the testimony.

No. 2. If the jury believe from the evidence that the plaintiff, in the affidavit and account of loss containing the preliminary proofs of loss furnished by him to this defendant, placed a false and fictitious valuation on the frame farm-house claimed to have been destroyed by fire, much higher than the actual cash value, and delivered the same to the defendant for the purpose and with the intent to

deceive and defraud the defendant, and thereby induce it to pay more for the loss of said house than its actual cash value, then the court instructs the jury that such false swearing is a fraud, or an attempt at fraud within the meaning of the policy and contract of insurance sued on, and the plaintiff cannot recover.

No. 3.    If the jury believe from the evidence that the plaintiff, in his affidavit and acccount of loss containing his proofs of loss furnished the defendant, made oath that the property claimed to have been lost was worth the sum of $2,100, when in fact, and the jury so find, said property was not worth near that sum, then the burden of explanation is upon the plaintiff, and if the discrepancy remain unexplained to the satisfaction of the jury upon a fair consideration of the whole evidence, it stands as evidence of fraud, or an attempt at fraud, and so unexplained imposes upon the plaintiff a forfeiture of all claims under the contract and policy sued on, and the plaintiff cannot recover.

No. 4.    If the jury believe from the evidence that the plaintiff, in his affidavit and account of loss containing his proofs furnished to this defendant, made oath that the property claimed to have been lost, to-wit:    The one-story frame farm-house was worth the sum of $1,000; when in fact, and the jury so find, the said one-story frame farm-house was not worth to exceed the sum of $400, the burden of explanation is on the plaintiff, and if the discrepancy remain unexplained to the satisfaction of the jury, upon a fair consideration of the whole evidence, it stands as evidence of fraud, or an attempt at fraud, and, unexplained, imposes upon the plaintiff a forfeiture of all claims under the contract and policy sued upon, and the plaintiff cannot recover.

No. 5.    The court further instructs the jury that if they find for the plaintiff, then the rule by which the jury is to estimate or measure the loss of the plaintiff is the actual cash value of the property shown to the satisfaction

of the jury to have been destroyed by fire at the time the fire occurred, with interest at the rate of six per cent. per annum from the time of the suit brought.

No. 6.   If the jury believe from the evidence that the plaintiff, for the purpose of inducing the defendant to enter into and execute the policy of insurance sued upon, fraudulently and falsely over-valued said property to this defendant, or its agents, and thereby, through such over-valuation, induced the defendant to execute said policy for the amount for which it was issued, then the court instructs them that such an over-valuation avoids the policy sued upon, and the plaintiff cannot recover in this action.

No 7.   If the jury find from the evidence that the plaintiff, in his account of loss furnished to the defendant in this case, knowingly claimed and made affidavit that he sustained a larger amount of loss by reason of the destruction of the house burned, or any of the other property claimed to have been destroyed, than he really and in truth sustained, with the intent to obtain the sum sworn to from the defendant, and to defraud it, then the court declares the law to be that the plaintiff is guilty of a fraud, or an attempt within the terms of the policy sued upon, and cannot recover in this action.

No. 8.   If the jury believe from the evidence and the circumstances attending the production of testimony, that any witness in this case has willfully sworn falsely to any material fact in the case, then, in that case, they have a right to disregard the testimony of said witness or witnesses not corroborated by other competent testimony.

No. 9.   The affidavit and the account and proof of loss furnished to the defendant by the plaintiff, and read in evidence by the defendant, are to be considered by the jury as evidence of the fact only that they were so made and delivered to the defendant, and not as evidence proving or tending to prove the amount of plaintiff's loss.

Of these instructions asked by appellant, the court gave Nos. 1, 5, 6, 7 and 8, and refused to give Nos. 2, 3, 4

and 9.   Under the instructions the jury found for respondent in the sum of $1,700, and judgment was given accordingly.

The principal ground relied upon by defendant for a reversal of the judgment is the refusal of the court to give the 9th instruction.   In the case of *Newmark v. Liverpool & London Ins. Co.*, 30 Mo. 160, the affidavit and account of loss constituting preliminary proofs, were introduced by plaintiff in order to show that he had complied with the condition of the policy requiring such proof to be made, and the court held it admissible for that purpose and no other.   Here the defendant introduced them.   The case above cited is not an authority in support of defendant's 9th instruction, but in the case of *Howard v. The City Fire Ins. Co.*, 4 Denio 502, the precise question presented by that instruction was before the court, and on that subject Jewett, J., who delivered the opinion, observed:   " The preliminary proofs were furnished to comply with a condition of the policy upon which his claim to the insurance depended.   Unless that· condition was shown *prima facie* to have been performed, the plaintiff would have failed to make out a presumptive right to recover.   Having given the proof the defendants had the right to show, if they could, that the plaintiff had been guilty of ' fraud or false swearing ' in those papers, and if · shown, it would, according to the condition, bar the plaintiff of all remedy against the defendants on the policy.   To do that it became necessary to read to the jury the affidavit of the plaintiff, in order to apply the contradictory evidence given.   With that view of the question, the court below held that it was proper for the defendants to read the affidavit, and that it was not to be regarded by the jury as evidence in favor of the plaintiff of the facts asserted therein.   In this I think the court correctly decided.   After the defendant gives evidence tending to impeach the facts contained in the affidavit, the plaintiff has no right to the benefit of the affidavit as rebutting evidence of the facts

1. INSURANCE : effect of proofs of loss as evidence when offered by the company.

thereby asserted on the question of the falsity of the matters represented by it or of the frauds imputed." *The Madison County Bank v. Gould*, 5 Hill 309, announces the same doctrine. The principle that when declarations of a party are introduced in evidence by his adversary, they are to be considered by the jury as well for the party making as for the party offering them, has no application. The distinction and the reason for it are indicated in the two New York cases cited above.

Defendant objects to the second instruction given for plaintiff because " it fails to hypothecate all the facts 2. INSTRUCTIONS.   necessary to sustain a verdict," there having been evidence tending to prove that plaintiff placed an over-valuation upon the property destroyed which the instruction ignored.   This ground of defense was fully, fairly and distinctly presented to the jury in the 6th and 7th instructions given for defendant, and no qualified juror, honestly endeavoring to discharge his duty, could have found a verdict for plaintiff, notwithstanding the second instruction for plaintiff, if he had been satisfied from the evidence that the plaintiff had fraudulently over-valued the property insured.   The 7th instruction for defendant substantially embraces the substance of the defendant's second refused, and there was no necessity for giving both of them to the jury.   For the error in refusing the 9th instruction asked for by defendant, the judgment is reversed and cause remanded.   All concur.

REVERSED.