W. P. SUMMERS, Respondent, v. THE HOME INSURANCE COMPANY, Appellant.

St. Louis Court of Appeals, April 4, 1893.

53  521
56  653

1. Insurance, Fire: PLEADING AND BURDEN OF PROOF. In an action upon a fire-insurance policy, the plaintiff must aver and prove the amount of the loss.

2. ——: ——: EFFECT OF STATUTE. To render applicable the provision of the statute prohibiting the insurer from denying that the property insured was worth the amount of the insurance at the date of the issue of the policy (Revised Statutes, sec. 5897), it must appear that the property covered by the policy was the very same at the time of the issue of the policy as at the time of the loss.

3. ——: EFFECT OF PROOFS OF LOSS. The proofs of loss made under a fire-insurance policy are admissible only to show compliance with the terms of the policy, and do not constitute evidence in favor of the insured of the amount of the loss or property destroyed.

*Appeal from the Howell Circuit Court.*—HON. W. N. EVANS, Judge.

REVERSED AND REMANDED *(with directions).*

*Fyke & Hamilton,* for appellant.

No value of the household goods is alleged in the petition. This is a necessary allegation, because

recovery could be had, if at all, for only the actual cash value of this property at the time of the fire.   Defend-- ant's objection to any evidence under the petition should therefore have been sustained, and for the same reason its demurrer to the evidence should have been sustained. *Ins. Co. v. Creton*, 98 Pa. St. 451; *Grant v. Ins. Co.*, Low. Can. 128; *Gere v. Ins. Co.*, 67 Iowa, 272.   At the trial, plaintiff proceeded on the theory that the proofs of loss were evidence of value.   They are not. *Newmarket v. Ins. Co.*, 30 Mo. 160; *Brown v. Ins. Co.*, 68 Mo. 133.

*Livingston & Green*, for respondent.

It is not necessary to allege or prove the value of the goods destroyed, where the loss is total as in this case.   Revised Statutes 1889, sec. 5897.   *Newmarket v. Ins. Co.*, 30 Mo. 160, and *Brown v. Ins. Co.*, 68 Mo. 133, cited by appellant, are not now applicable.

ROMBAUER, P. J.—The plaintiff recovered a judg-- ment for $235.75 for loss upon a fire policy, and the complaints of the defendant appealing are that the petition stated no cause of action, and that there is no evidence to support the verdict.

The petition, omitting formal parts, is as follows:

"Plaintiff states the defendant is a foreign corpor-- ation, and doing business in this state by virtue of the laws thereof; that on the sixth day of October, 1890, the defendant made its policy of insurance of that date, whereby, in consideration of the payment by plaintiff to defendant in the sum of —— dollars, defendant insured plaintiff against loss or damage by fire to the amount of $750 upon his dwelling, situate in the city of West Plains, Howell county, Missouri, and to the amount of $250 upon the contents therein, from

noon the sixth day of October, 1890, till noon the sixth day of October, 1891; that on the sixth day of October, 1890, with the consent of the defendant, he assigned said policy of insurance as collateral security to the Howell County Building and Loan Association; that on the ninth day of July, 1891, while said policy was in force, said dwelling house and furniture were totally destroyed by fire; that the plaintiff duly performed all the conditions required of him by said policy, and in due time after the fire gave to defendant due notice and proof of the fire and loss aforesaid, and demanded the payment of balance due on said policy. The defendant paid the said Howell County Building and Loan Association on said policy the sum of $750, the amount due from plaintiff to said association, but has failed and refused to pay, and still fails and refuses to pay, plaintiff the balance due on said policy. That, at the time the defendant made settlement with said association, it took up said policy, and now has possession of the same, and plaintiff cannot therefore file the policy herewith. Wherefore plaintiff prays judgment for the sum of $250, the balance due on said policy, with interest from the first day of September, 1891, together with costs of suit."

The answer was a general denial.

It will be seen that this petition fails to state the value of the property destroyed either in express terms or by necessary inference. The insurer is responsible only to the amount of the loss, which must be averred and shown upon the trial. May on Insurance, sec. 590; *Michael v. Ins. Co.*, 17 Mo. App. 23, 27, and cases cited. On this branch of the case the respondent claims that, as the petition avers that the loss was total, the rule of law above stated has no application. Section 5897 of the Revised Statutes, 1889, does provide that, in case of a total loss, the measure of

damages shall be the amount for which the property is insured. This provision might help out the plaintiff's inartificial petition, if that petition had stated that the property insured and the property destroyed were identical, but it fails so to state. It states that the insurance was to the amount of $750 upon plaintiff's dwelling, and to the amount of $250 *upon the contents therein* and then alleges the loss to have been on *said dwelling house and furniture*, but whether the *contents* insured was *furniture* nowhere appears. As the petition further shows that $750 of the insurance was paid to the plaintiff's assignee, and hence that the property destroyed, as far as it is identified by the petition with the property insured, has been paid for, it fails to show any further right of recovery.

Nor could the plaintiff invoke the rule of aider by verdict, as he offered no evidence whatever touching the value or description of the property destroyed. The preliminary proofs of loss offered in evidence by him are only evidence of the fact that such proof was furnished, and no evidence of the amount of the loss or property destroyed. *Newmarket v. Ins. Co.*, 30 Mo. 160; *Browne v. Ins. Co.*, 68 Mo. 133, 138; *Breckinridge v. Ins. Co.*, 87 Mo. 62, 72.

As the judgment must be reversed for failure of plaintiff's petition to state and the evidence to show any cause of action, we make these additional suggestions for the guidance of the trial court upon a retrial of the cause.

It appeared by the petition that the policy was assigned by the plaintiff to the Howell County Building and Loan Association as collateral security, but it does not appear what the terms of the assignment were; nor does it appear that it ever was reassigned to the plaintiff. The policy itself and the assignment were not offered in evidence, although the policy was in court.

Upon a retrial this should be done, as plaintiff's action is founded upon the policy, which is shown to be in existence. The assignment of a policy does not create a new contract. The assignee derives his right through the assignor, and he must claim in the right of the assignor. May on Insurance, sec. 282. If by the terms of the assignment the right to adjust the loss with the insurance company was vested in the assignee, the assignee's adjustment of the loss in full with the insurance company would be binding on his assignor, and, in case of a fraudulent adjustment and surrender of the policy by the assignee, the assignor's only recourse would be against the assignee. If on the other hand, as seems probable from the facts developed upon the trial, the assignee has adjusted its own claim only, which was less than the total loss, then the equitable title to the policy vested in plaintiff after such adjustment, and he may maintain an action thereon for the residue of the loss against the insurance company. A surrender of the policy, or its assignment to the insurance company, under the facts last above stated would be wholly unwarranted, and therefore ineffectual to deprive the plaintiff of his title to the policy.

The judgment is reversed, and the cause remanded to be proceeded with in conformity with this opinion. All the judges concur.