SUSAN HILBURN, Respondent, v. THE PHOENIX INSURANCE COMPANY, Appellant.

Kansas City Court of Appeals, March 2, 1908.

1. **INSURANCE: Pleading: Evidence: Issues: Jury.** The pleadings, issues and evidence in a case are considered and it is held the following questions were for the jury:
    (1) Whether the plaintiff is the owner of the goods;
    (2) Whether she had been guilty of fraud in making her proof of loss.

2. ————: ————: **Petition.** A petition on an insurance policy is examined and found defective in the following instances:
    (1) In not pleading notice of the loss;

Hilburn v. Insurance Co.

(2) In not averring that the property at the time of the loss was in the building in which it was insured;

(3) In failing to aver that the loss occurred in the county where the suit was brought;

(4) In not alleging that the sum claimed was due and payable;

(5) In not alleging the value of the property destroyed.

3. ——— : ——— : Reply: Judgment on the Pleadings. *Held* that the defendant was entitled to judgment on the pleadings, since the reply denied each and every allegation on the new matter in the answer contained which was insufficient; and the new matter of the answer, if true, precluded a recovery.

Appeal from Barton Circuit Court.—*Hon. Levin Wilcoxen Shaffer*, Judge.

REVERSED AND REMANDED.

*Cole, Burnett & Moore* for appellant.

(1) We attacked this petition all the way through the circuit court; by special demurrer, by objection to any evidence, by demurrer to the evidence, and by motion in arrest of judgment. It is bad for various reasons. R. S. 1899, secs. 7977, 7979; Burnham v. Insurance Co., 75 Mo. App. 399; Burgess v. Insurance Co., 114 Mo. App. 186; Todd v. Insurance Co., 1 Mo. App. 472; Wright v. Insurance Co., 73 Mo. App. 367, 368; Thomason v. Insurance Co., 114 Mo. App. 109; Sappington v. Insurance Co., 72 Mo. App. 74, 76; Jewelry Co. v. Bertig, 81 Mo. App. 397; 19 Cyc., 919, 925; Boulware v. Insurance Co., 77 Mo. App. 648, 651; Gusten v. Insurance Co., 90 Mo. App. 374, 164 Mo. 177, 178; Elfrank v. Seiler, 54 Mo. 136; Grove v. City, 75 Mo. 675; Bank v. Leyser, 116 Mo. 73; Gregory v. McCormick, 120 Mo. 663; Lycett v. Wolff, 45 Mo. App. 493; Mumford v. Keet, 65 Mo. App. 505; Murphy v. Insurance Co., 70 Mo. App. 82; Marshall v. Ferguson, 78 Mo. App. 650; Rodgers v. Insurance Co., 186 Mo. 225; Steamboat v. Case, 9 Mo. 502; Fry v. Baxter, 10 Mo. 302; Morgan v. Bouse, 53 Mo. 219; Sweet v. Maupin, 65 Mo. 73; Cockerill v. Stafford, 102 Mo. 70; Wilson v. Polk Co., 112 Mo. 126; State v. Walbridge, 69 Mo. App. 671; Leete

v. Bank, 141 Mo. 581.   (2)   In only denying "each and every allegation of new matter" in the answer the reply is fatally defective.   Time and again the courts have condemned this and similar language, in both answers and replies.   All through the trial we fairly and frankly gave the court every opportunity to require the plaintiff to remedy this vicious pleading, by motion for judgment on the pleadings, by motion to make the reply more definite and certain, and by motion for judgment *non obstante veredicto*; and under all the authorities the court committed grave error in overruling each of these motions.   Pry v. Railroad, 73 Mo. 127; Long v. Long, 79 Mo. 649; Snyder v. Free, 114 Mo. 367; Young v. Schofield, 132 Mo. 650; Boles v. Bennington, 136 Mo. 529; Dezell v. F. & C. Co., 176 Mo. 282; Walker v. Insurance Co., 62 Mo. App. 215; Ritchey v. Insurance Co., 98 Mo. App. 115; Betz v. Telephone Co., 121 Mo. App. 473; Atterbury v. Hopkins, 122 Mo. App. 172.   (3) Defendant's demurrer to the evidence should have been sustained for the reason, if for no other, that plaintiff failed to show proof of loss.   Dezell v. F. & C. Co., 176 Mo. 265; Corbett v. Mooney, 84 Mo. App. 648; State v. Barrington, 198 Mo. 110; Hanna v. Insurance Co., 36 Mo. App. 538; Maddox v. Insurance Co., 56 Mo. App. 343; Porter v. Insurance Co., 62 Mo. App. 528; Burgess v. Insurance Co., 114 Mo. App. 179; Leigh v. Insurance Co., 37 Mo. App. 548; Grigsby v. Insurance Co., 40 Mo. App. 276; Burnham v. Insurance Co., 75 Mo. App. 401.

*H. W. Timmonds* for respondent.

(1)   The action of the trial court in overruling the demurrer was proper and not erroneous, for the petition in this case is sufficient.   R. S. 1899, sec. 634; Richardson v. Insurance Co., 57 Mo. 413; Okey v. Insurance Co., 29 Mo. App. 105; Hester v. Fidelity & Casualty Co., 69 Mo. App. 194; Sisk v. Insurance Co., 95 Mo. App. 707; Burgess v. Insurance Co., 114 Mo. App. 188; Hester v. Fidelity & Casualty Co., 69 Mo. App. 194; Ostrander on

Fire Insurance (2 Ed.), sec. 382; May on Insurance (2 Ed.), sec. 591. (2) If a material matter be not expressly averred in the petition, but the same is necessarily implied by what is expressly averred, the defect is cured by the verdict. Rogers v. Insurance Co., 93 Mo. App. 24; Keaton v. Keaton, 74 Mo. App. 174; Murphey v. Insurance Co., 70 Mo. App. 78; Grove v. Kansas City, 75 Mo. 672; Shaler v. Van Wormer, 33 Mo. 386; Bank v. Scalzo, 127 Mo. 189. . (3) If the court committed error in overruling defendant's demurrer, the error is cured by defendant's answering over. Bank v. Leyser, 116 Mo. 51; West v. McMullen, 112 Mo. 405; Scoville v. Glasner, 79 Mo. 454; State ex rel. v. Sappington, 68 Mo. 454; Township Board v. Hackmann, 48 Mo. 243; Pickering v. Telegraph Co., 47 Mo. 457; Hyatt v. Protective Association, 106 Mo. App. 610; Rogers v. Insurance Co., 93 Mo. App. 24; Burnham v. Tillery, 85 Mo. App. 453; Wilson v. Railway Co., 67 Mo. App. 443; Miller v. Harper, 63 Mo. App. 293. (4) In the interest of substantial justice, the settled rule of practice is to give to a petition every reasonable inference that can be drawn in support of the judgment after verdict. Rogers v. Insurance Co., 93 Mo. App. 29; Bank v. Leyser, 116 Mo. 51; State ex rel. v. Rush, 77 Mo. 586; R. S. 1899, sec. 629. (5) The reply in this case is in the language of the Statute which provides "Where the answer contains new matter, the plaintiff shall reply to such new matter within such time as the court by rule or otherwise shall require, denying generally or specially the allegations controverted by him." R. S. 1899, sec. 607. When the plaintiff in her reply to defendant's answer "denies each and every allegation of new matter therein contained, and having fully replied, prays judgment as in her petition prayed," she clearly and unequivocally presents to defendant and to the court the issues. This is all that is necessary. An examination

of the authorities cited by appellant shows us that the pleadings criticised by the courts in those cases are vastly different from the reply in this case. (6) When parties have gone to trial on issues clearly made by the instructions, and there has been no claim of surprise, the appellate court will not look into the paper issues, where the petition will support the verdict and judgment. Goodger v. Finn, 10 Mo. App. 231; Edmonson v. Phillips, 73 Mo. 58; Chambers v. Benoist, 25 Mo. App. 520. (7) This case was tried by both parties and the court on the theory that all the special defenses were at issue. When a case is so tried, even if a reply had never been filed, the objection cannot be raised on appeal. Heath v. Goslin, 80 Mo. 318; Howe v. Insurance Co., 75 Mo. App. 63; Gaty v. Clark, 28 Mo. App. 332; Thompson v. Wooldridge, 102 Mo. 510; Epperson v. Cable Co., 155 Mo. 370-1. (8) No reply was necessary to make up the issues in this case. Unless the answer contains "new matter," no reply thereto is necessary. Jordan v. Bushmeyer, 97 Mo. 94; State ex rel. v. Rau, 93 Mo. 126; State to use v. Williams, 48 Mo. 210; Nelson v. Wallace, 48 Mo. App. 193; Cordner v. Roberts, 58 Mo. App. 440; Betz v. Telephone Co., 121 Mo. App. 478; Bliss on Code Pleading, secs. 328, 333; State ex rel. v. Williams, 77 Mo. 468.

BROADDUS, P. J.—This is a suit to recover on a fire insurance policy. The policy was issued on the 14th day of June, 1906, on certain household furniture useful and ornamental, claimed by plaintiff as her property. The fire occurred on the 29th day of August, 1906. The policy recites that it was issued at Minden Mines, Missouri, and after giving a somewhat general description of the property locates them in a frame building on a certain lot in said city of Minden Mines.

The petition alleges that the plaintiff was the sole and unconditional owner of the property insured; that

she has complied with all the conditions required of the policy; that in due time she made proof of her loss; that she and defendant failed to agree as to the amount of her loss; and that defendant failed to submit the matter to arbitration as required by the policy. She also alleges demand and refusal of defendant to pay for her said loss.

The defendant filed for answer a general denial but afterwards withdrew it and filed a demurrer, the substance of which is: That the petition does not state a cause of action; that it "is too vague, uncertain and indefinite in its allegations as to notice, proof of loss, conditions of the policy and compliance therewith, value and location of the property at time of insurance and fire, and when, if ever, the alleged claim of plaintiff became due and payable." The court overruled the demurrer and defendant filed its answer.

The answer admits the issuing of the policy as alleged and then proceeds to set up various defenses, viz:

1. "That plaintiff was not the sole owner of the goods, her husband having an interest therein.

2. "That in her oral application she had misrepresented as to previous fires, whereas she really had had three.

3. "That in her application she had grossly misrepresented as to the value of the goods she wanted insured.

4. "That the day before the fire she had purchased and taken home a gallon of gasoline in violation of the policy, she having no gasoline stove.

5. "That in her alleged proof of loss she grossly misrepresented the value of the property destroyed to mislead the defendant.

6. "That in her previous examination under oath she falsely testified that among the articles lost were, a steel range of the value of $65, and one organ of the value of $125, whereas they had been lost in a previous fire at Springfield, Mo."

The defendants in its answer tendered back the premium paid and asked that the policy be cancelled. The plaintiff for a reply to said answer denied "each and every allegation of the new matter therein contained." The defendant moved for a judgment upon the pleadings because of the insufficiency of the reply. This motion was overruled by the court. The defendant also raised objection to the sufficiency of the petition on the introduction of plaintiff's testimony. The judgment was for the plaintiff from which defendant appealed. The court submitted to the jury on proper instruction the issues raised on the second and third special defenses pleaded in defendant's answer.

As to the ownership of the goods the plaintiff was the only witness who testified. She testified that the goods belonged to her. She was asked on cross examination as follows:

"Q. Did not your husband furnish some of the money to buy some of the goods? A. No, sir.

Q. Did you not so testify on September 23d, in your cross examination? A. My husband had an interest in the goods after I had them, of course. I made a mistake.

Q. In that examination did not you give this testimony—I will read the question. Q. 'Did your husband give you the money to buy these goods with—what you lost at Minden Mines?' A. 'It was money from the insurance company, I bought goods back with it.'

Q. He didn't give you the money? A. Well I suppose he helped me some, he was sitting there and had been drinking that day and in order to get peace I had to say he helped me some."

As there was an issue as to ownership of the goods in which the affirmative devolved upon plaintiff, the defendant was entitled to have that issue submitted to the jury.

The plaintiff on her examination in chief testified

that the goods destroyed were of the value of from $500 to $800. On cross-examination she stated that a certain steel range was of the value of $65 and a Crown Organ was of the value of $125. It appeared that she had had a previous loss by fire at Springfield, Missouri. The proof of loss made by her in that case was put in evidence by the defendant. In this proof of loss she placed the value of the range at $40, and that of the organ at $65. And she made oath in that statement that all of her furniture was entirely destroyed by fire. She explained, however, that these articles were not destroyed by the fire at Springfield but that they were injured; that the agents of the company in that case knew they had not been so destroyed and after a settlement with her as to her loss turned over to her all the property that had not been destroyed including these articles. She also gave as an explanation for the small valuation she placed upon them, was, that her lawyer told her as she had more property destroyed than was necessary to cover the amount of the policy to put the valuation low.

Under this state of the evidence the court should have submitted to the jury the question whether plaintiff had been guilty of fraud in making out her proof of loss. There was no evidence to support the fourth defense set up in the answer. The sixth defense set out is but a repetition of the fifth for which reason it demands no further notice.

Various objections are made to the sufficiency of the petition some of which we will notice.

The first is, that notice of loss is not pleaded. There is no specific averment to that effect and there is nothing from which it could by the most liberal construction be implied. It is well settled law that such notice should be pleaded. It is a condition precedent to plaintiff's right to recover. [Burnham v. Ins. Co., 75 Mo. App. 394; Burgess v. Ins. Co., 114 Mo. App. 169.]

Second, that the petition does not allege that the

property at the time of the loss was in the building described in the petition.. This objection is well taken. By a strained construction of the pleading it might be implied that the goods were in the building where they were insured when destroyed by fire, which would perhaps be sufficient after verdict. [Jones v. Ins. Co., 55 Mo. 344; Gustin v. Ins. Co., 90 Mo. App. 373, 164 Mo. 172.]

Third, the petition does not allege that the property was in Barton county when destroyed. This was a necessary allegation to show jurisdiction. [Thomasson v. Ins. Co. 114 Mo. App. 109.]

Fourth, there is no allegation that the sum claimed is due and payable. It was a necessary allegation. [Wright & Sons v. Ins. Co., 73 Mo. App. 367; Sappington v. Ins. Co., 72 Mo. App. 74; Jewelry Co. v. Bertig, 81 Mo. App. 393.]

Fifth, the petition does not allege the value of the property destroyed. This should have been alleged. [Boulware v. Ins. Co., 77 Mo. App. 648; Gustin v. Ins. Co., supra.] It is unnecessary to discuss the question whether the allegation was good after a verdict as the cause will have to be reversed for other grounds and the pleading can be amended not only in that respect but as to the defects to which we have referred.

Before the case proceeded to trial the defendant moved for a judgment on the pleading which the court overruled. This was error. It was held that an answer which denied "each and all the material allegations in said petition," was no answer. [Pry v. Railroad, 73 Mo. 123.] In Long v. Long, 79 Mo. l. c. 649, the reply was, "plaintiff denies each and every allegation not herein admitted or otherwise pleaded to," held to be bad. A similar ruling was made in Atterbury v. Hopkins, 122 Mo. App. 172. The reply here was clearly insufficient for all purposes but plaintiff contends as there was no new matter set out in the answer a reply

was unnecessary. However it did contain averments of new matter which if true would have precluded plaintiff's right to recover. For the errors noted the cause is reversed and remanded. All concur.