H. A. TILLER, RESPONDENT, v. THE FARMERS' MUTUAL FIRE INSURANCE COMPANY OF BILLINGS, MO., APPELLANT.*

In the Springfield Court of Appeals. Opinion filed June 9, 1927.

1.—Pleading—Petition—Failing to State Cause of Action. Under section 1230, Revised Statutes 1919, a petition which fails to state any cause of action may be challenged at any time.

2.—Insurance—Fire Insurance—Farmers' Mutual Companies—Valued Policy Law. Farmers' mutual insurance company, organized under section 6464, Revised Statutes 1919, being specifically exempted from law applicable to general insurance companies, its policies are not affected by section 6239 relative to valued policies.

3.—Same—Same—Same—Pleading—Petition—Value of Property Must be Alleged. In action on fire insurance policy, issued by farmers' mutual company, the value of the property destroyed was a necessary and material allegation in petition.

4.—Same—Same—Same—Proofs of Loss—Not Evidence of Value. Proofs of loss, furnished by insured at time of fire, were not evidence of value of the property burned nor competent on such issue.

5.—Same—Same—Same—Policy and Application—Not Evidence of Value. Policy and original application for fire insurance in farmer's mutual company do not constitute evidence of value of property at time of loss.

6.—Pleading—Petition—Rules of Intendment and Implication. All rules of intendment and implication may be invoked in aid and support of petition which was not attacked until after verdict, and if there are any allegations from which an essential omitted allegation may be implied, the petition will be held to be good.

7.—Appeal and Error—Sufficiency of Petition—Defendant not Estopped. Where trial on farmers' mutual fire insurance policy was confined in lower court to matters other than question of value, the fact that insurer did not raise question of value would not estop it from raising question of sufficiency of petition as to that question on appeal.

8.—Insurance—Fire Insurance—Pleading—Petition—Farmers' Mutual Company—Petition Must Allege Value of Property. Petition, in action to recover on farmers' mutual policy, which did not allege value of property, failed to state cause of action.

9.—Same—Same—Same—Same—Petition Subject to Amendment. Defect in petition, in action on farmers' mutual fire insurance policy for failure to allege value of property destroyed, is subject to amendment.

10.—Same—Same—Question of Waiver Held for Jury. In action on farmers' mutual fire insurance policy, evidence relative to insurer's waiver of requirement that premises should be occupied held sufficient for jury.

11.—Same—Same—Occupancy of Premises. If insurer, at time of issuing fire policy, knew that house insured thereby was vacant, recovery for loss cannot be defeated on such ground.

12.—Same—Same—Same—Statement in Proofs of Loss Held Not False Swearing. Insured's statement, in proof of loss, in response to question as to whether premises were occupied at time of loss, to effect that they were, and that insurer's representative knew how it was occupied, held not to show false swearing, as being merely a statement of his version as to occupancy.

13.—Appeal and Error—Appellate Practice—Assignment of Error. Assignment of error as to admission and exclusion of evidence will be considered as waived, where counsel did not point out in brief evidence on which assignment was based.

*Corpus Juris-Cyc. References: Appeal and Error, 3CJ, p. 786, n. 76; p. 787, n. 77; p. 1415, n. 71; Fire Insurance, 26CJ, p. 322, n. 85; p. 353, n. 8; p. 354, n. 13; p. 384, n. 11; p. 495, n. 36; p. 506, n. 93 New; p. 537, n. 64; p. 546, n. 45; p. 555, n. 12; Pleading, 31Cyc, p. 729, n. 54.

Appeal from the Circuit Court of Greene County.—Hon. Guy D. Kirby, Judge.

REVERSED AND REMANDED.

*Schmook & Sturgis* and *Gordon J. Massey* for appellant.

(1) (a) The petition in this case is fatally defective and does not state a cause of action in that the value of the property destroyed is

not stated. The petition merely states the amount of the policy, $785, that is, the amount the property is insured for, but nothing is alleged as to its value, either when the policy was issued or when the property was destroyed. The petition does not even allege that plaintiff was damaged in any amount. It merely alleges the amount of the policy and that the property was destroyed. The prayer is for the amount of the policy. Nor is there any evidence in the record as to such value either at the time the policy was issued or when the property was destroyed. Except in cases governed by the valued policy statutes, it is necessary to both allege and prove the value of the property destroyed. Kattleman v. Insurance Co., 79 Mo. App. 447, 455; Summers v. Home Insurance Co., 53 Mo. App. 521, 523; Hilburn v. Insurance Co., 129 Mo. App. 670, 678; Howerton v. Insurance Co., 105 Mo. App. 575, 581; Boulware v. Insurance Co., 77 Mo. App. 639, 648; City of De Soto v. Insurance Co., 102 Mo. App. 1, 5; Gustin v. Insurance Co., 164 Mo. 172; Sappington v. Insurance Co., 72 Mo. App. 74. Here no evidence of the value of the property was offered, and the case was not tried on the theory that such issue was sufficiently raised by the pleadings. The Supreme Court, overruling some decisions of the Court of Appeals, has held that it is necessary to both plead and prove the value of the property destroyed, but that as to pleading if the parties went to trial without objecting to the petition, and tried the case on the theory that the petition sufficiently alleged the value, and evidence was heard as to value without objection, then the sufficiency of the petition in this respect might be held waived. Gustin v. Insurance Co., 164 Mo. 172, 90 Mo. App. 373; Howerton v. Insurance Co., 105 Mo. App. 575, 581. The courts have never held, however, that both pleading and proof as to the value could be dispensed with. 4 Joyce on Insurance, sec. 3769; 19 Cyc. 835 and 836. (b) The proof of loss put in evidence is mere proof of that fact and is no evidence of the value. Summers v. Home Insurance Co., 53 Mo. App. 521, 524; Breckenridge v. Insurance Co., 87 Mo. 62, 72; New Market v. Insurance Co., 30 Mo. 160; Brown v. Insurance Co., 68 Mo. 133, 138. (2) The law as above stated does not apply to policies governed by our valued policy statutes, sections 6229 and 6239, R. S. 1919. Section 6464, R. S. 1919; Warren v. Town Mutual Ins. Co., 72 Mo. App. 188; Gibson v. Town Mutual Ins. Co., 82 Mo. App. 515. (3) The petition is also fatally defective in not alleging that the amount of the policy or any amount is due. Wright v. Insurance Co., 73 Mo. App. 365, 367; Brown v. Shock, 27 Mo. App. 351; Hilburn v. Insurance Co., 129 Mo. App. 670, 678; Jewelry Co. v. Bertig, 81 Mo. App. 393. (4) The entire omission from a petition of an essential averment is not cured by verdict. Story v. Insurance Co., 61 Mo. App. 534, 538; Staley Furnishing Co. v. Wallace, 21 Mo. App. 128; Coleman v. Insurance Co., 69 Mo. App.

566. And it is true generally that the objection to the petition in failing to state essential facts necessary to constitute a cause of action is never waived and may be raised at any time. Sec. 1230, R. S. 1919; Bateson v. Clark, 37 Mo. 31; State v. Griffith, 63 Mo. 548; Brown v. Shock, 27 Mo. App. 351; McGrew v. Railroad, 230 Mo. 496, 511; Wells v. Mutual Benefit Assn., 126 Mo. 630, 638. (5) The petition is also fatally defective in other respects. (a) It does not state that the policy sued on was one of indemnity against loss by fire. (b) It fails to aver the furnishing by plaintiff of any proof of loss, although it avers that defendant furnished plaintiff a blank for that purpose. Burnham v. Insurance Co., 75 Mo. App. 394; McCullum v. Insurance Co., 67 Mo. App. 76. (6) Instruction number 1 given for plaintiff directed the jury to find for the full amount of the policy instead of the value of the property or the amount of the loss. This is error in a case not governed by the valued policy statutes. Warren v. Insurance Co., 72 Mo. App. 188. (7) The provisions of the policy sued on do not make the company liable, in case of loss, for the full amount specified in the policy, but only for the actual loss, not to exceed the specified amount. (8) Clearly, the house was vacant and unoccupied at the time of the fire, within the meaning of the policy. 19 Cyc, 730 and 731; Cook v. Insurance Co., 70 Mo. 610; Craig v. Insurance Co., 34 Mo. App. 481; Howard v. Insurance Co., 63 Mo. App. 116; Norman v. Insurance Co., 74 Mo. App. 459. (9) If the question of waiver of the vacancy clause should have been submitted to the jury at all, then instruction number 1, given for plaintiff, is wrong in ignoring defendant's evidence. Franklin v. Kansas City, 260 S. W. 502; Wen v. Motor Transfer Co., 241 S. W. 464; Goodwin v. Eugas, 290 Mo. 673; Wason v. Sedalia, 236 S. W. 399; Smith v. Southern, 210 Mo. App. 288; Craig v. Bank of Granby, 210 Mo. App. 334; Walker v. Railroad, 210 Mo. App. 592; Hornbuckle v. McCarty, 295 Mo. 262. Nor is this error cured even if correct instructions are given for the other party. Mitchell v. Glassman, 241 S. W. 962; Hendry v. Drug Co., 211 Mo. App. 166. (10) This instruction number 1 for plaintiff is also erroneous in submitting to the jury the question whether or not the building burned was vacant and unoccupied on the date of the fire. Calhoun v. Schaff, 229 S. W. 277; Crane v. United Railways, 236 S. W. 654; Rosenberg v. Accident Ins. Co., 246 S. W. 1009; Carrall v. Young, 267 S. W. 436.

*Hamlin, Hamlin & Hamlin* for respondent.

We will answer points 1, 3 and 5 by suggesting that the objections made by the defendant in each point were cured by the rendition of the verdict. Coy v. Landers, 146 Mo. App. 413, 426.

The sole contention in the trial court was whether or not plaintiff at the time of making the application for the insurance and the adjustment of the loss on the barn apprised Director Diemer of the character of his occupancy of the buildings, and that the same condition existed on the date of the fire. The defendant cannot in this court change theories and say that we did not prove the value of the property at the time of\the fire. The defendant must try the case in this court on the same theory upon which it was tried below. Paramore v. Campbell, 245 Mo. 287; Brunswick v. Standard Acc. Ins. Co., 213 S. W. 45.

BRADLEY, J.—This is an action on a fire insurance policy. Plaintiff recovered and defendant appealed.

Plaintiff's petition is as follows: "Plaintiff states that he resides in Greene county, and did on the dates hereinafter mentioned and also does now, and on said date owned certain real estate in section 32, township 31, range 22, in said county with a frame one story 14x26 dwelling and two additions, one story each, 14x14, and two porches 8x14, and one frame smokehouse 12x14x8.

"That the defendant issued its policy of insurance on the 7th day of June, 1922, and delivered the same to him, in which it agreed to pay him in case of loss of said dwelling, additions and porches as aforesaid, the sum of seven hundred and fifty ($750) dollars, and for the loss of the smokehouse, aforesaid, eighty-five ($85) dollars, and for a frame 10x28x10 poultry house forty ($40) dollars, for which the plaintiff paid the premium charged by the defendant, and fully complied with all the terms of the contract and policy imposed upon him.

"That on the 31st day of January, 1925, the property, aforesaid, to-wit: the dwelling and smokehouse was totally destroyed by fire. That plaintiff, within a reasonable time thereafter and in accordance with the policy, notified the defendant of his said loss and requested it to furnish him with a blank with which he could make proof, which it did on the 12th day of March, 1925, and requested the defendant to pay him the amount due, to-wit seven hundred and eighty-five ($785) dollars.

"Wherefore, plaintiffs prays judgment against the defendant for the said sum of seven hundred and eighty-five ($785) dollars with interest thereon from the 12th day of March, 1925, and all costs of suit."

The answer is a general denial, and then follows an averment that defendant is a Farmers' Mutual Fire Insurance Company organized under the law for the purpose of insuring its members against loss from fire and other casualties. Further answering defendant avers that all of its policies, including the policy sued on, contains this clause: "Should a member (thereby meaning any and every policy-

holder) vacate or remove from any building and leave the same unoccupied the insurance thereon shall be utterly void, unless he first procure from the secretary a vacancy permit, which in no instance shall be issued for a longer period than sixty days.''

Defendant further answers as follows: ''Defendant further says that at the time of the alleged fire the building, being a dwelling house alleged by plaintiff to have been insured by the policy sued on and destroyed by fire, was vacant and unoccupied, and the plaintiff had for a long time theretofore vacated and removed from said building and left the same unoccupied without procuring from the secretary of defendant any vacancy permit and without defendant's knowledge and consent; that thereby said policy of insurance, if otherwise valid, became and was void and same was not in force at the time of the alleged destruction of said dwelling house by fire.

''Defendant for another and further defense alleges that each and every policy of insurance against loss by fire issued by it, including the policy sued on in this case, contains the following provision to-wit: 'In case of loss the assured shall within three days, if a building or other property, notify the director of said company residing nearest the place of loss, and shall within sixty days from the date of such loss render to the secretary of said company at Billings, Christian county, Missouri, a particular and accurate account of such loss, signed and sworn to by the assured, stating the date and circumstance of the same, the exact nature of the title and interest of the assured and all others in the property, by whom and for what purpose the property, if a building, was used or occupied at the time of the loss.' Also the following clause and provision, to-wit: 'If the assured has misrepresented in writing or otherwise any material fact or circumstance concerning the property insured, or if the interest of the assured in the property be not truly and correctly stated in the application or at the time such insurance is obtained, or in case of any fraud or false swearing touching any matter relating to such insurance or the subject thereof, whether before or after a loss has been sustained, in each of such instances any policy of this company shall be null and void.'

''This defendant further states that the plaintiff did on the 7th day of February, 1926, furnish to the defendant proof of loss in writing, subscribed and sworn to by the plaintiff before a notary public of Greene county, Missouri, duly commissioned and authorized to administer oaths and authenticate affidavits; that in said proof of loss and as a part thereof the plaintiff falsely stated in writing, subscribed and sworn to by him, that the premises, meaning the building alleged in the petition to have been destroyed by fire, were actually occupied and inhabited at the time of the alleged loss. Whereby plaintiff was guilty of false swearing, touching an important matter

relating to such insurance and the subject thereof after the alleged loss had been sustained, and whereby said policy was made null and void.''

In reply plaintiff denied that at the time the dwelling was destroyed by fire that it was vacant and unoccupied and had been for a long period, and alleged that on and prior to June 7, 1922, when the policy was issued, he was single and owned the land upon which was the insured property, and that prior to June 7, 1922, he made application to Joe Diemer, a director of defendant, for insurance on the property and gave to Diemer a full description and explained to him the character of occupancy, to-wit, that he, plaintiff kept in said dwelling a considerable lot of household goods which were used by him when he could be on the farm looking after and caring for it; that said household goods consisted of chairs, beds, wardrobe, stove and other articles used in keeping house; that he further explained to Diemer that at that time and for some time prior he was employed at Springfield, Missouri, and there boarded with his brother, and that he was only on the farm at such times as he thought necessary to properly look after and care for it, and that he was intending and was attempting to procure a tenant; that after he had explained the character of occupancy Diemer prepared the application and that thereafter the policy was issued and delivered; that he paid all the assessments levied; that March 13, 1924, the barn, which was then insured, burned, and that within three days thereafter he notified Diemer, as the policy required, of the loss, and that he and Diemer went to the farm, viewed the loss, and that this loss was adjusted. Plaintiff further alleges in his reply that while he and Diemer were on the premises, when the loss of the barn was adjusted, he informed Diemer that after the policy was issued on June 7, 1922, a tenant had lived in the house from March 12, 1923 to March 13, 1924, but that the tenant had moved out, and that the premises at that time were occupied as they were when the policy was issued, and that his intention was to procure another tenant, and that Diemer on that occasion examined the premises, and after so doing, informed plaintiff that the premises were occupied within the meaning of the policy, and that the remaining insurance on the dwelling and poultry house was in full force and would be so continued until the date of the expiration of the policy provided assessments were paid; that thereupon plaintiff delivered to Diemer the policy so that Diemer could send same to the home office at Billings so that the insurance on certain property covered by the policy as originally written could be cancelled or eliminated, and that thereafter all that would be covered would be the dwelling, smokehouse and poultry house, and that Diemer sent in the policy and the property designated to be eliminated was eliminated, leaving insurance on the dwelling, smokehouse

and poultry house for $875, and that the policy was then returned by defendant to plaintiff.

Defendant pleads the aforesaid alleged facts set out in his reply as an estoppel or waiver against defendant's defense that the dwelling was unoccupied.

Error is assigned (1) on the refusal, at the close of the case, of defendant's instruction in the nature of a demurrer to the evidence; (2) on the admission and exclusion of evidence; and (3) on the instructions.

What we may term the demurrer raises three questions, viz.: (1) That the petition fails to state a cause of action; (2) that the policy was rendered void because the vacancy provision was breached; (3) that plaintiff was guilty of false swearing in the proof of loss February 7, 1925.

So far as appears the petition was at no time specifically challenged below, but if it fails to state any cause of action it may be challenged at any time. [Sec. 1230, R. S. 1919; State ex rel. Kansas City Light & Power Company v. Trimble, 262 S. W. (Mo. Sup.) 357.] The petition is challenged on the ground that the value of the property destroyed is not alleged. Also it is contended that there was no evidence as to the value of the property, and that the defect in the petition is not cured. Defendant is a Farmers Mutual Insurance Company, organized under section 6464, Revised Statutes 1919, and is specifically exempted by the statute from the law applicable to general insurance companies, therefore, its policies are not affected by the valued policy statute. [Sec. 6239, R. S. 1919.] Defendant's constitution was printed in or on its policies and made a part thereof. Its constitution provides that buildings shall not be insured for an amount exceeding three-fourths of the actual cash value at the time a policy is issued, and that in case of a loss or damage by fire the company is liable only for the damage.

The value of the property destroyed was a necessary and material allegation in plaintiff's petition. [Gustin v. Concordia Fire Insurance Company, 164 Mo. 172, 64 S. W. 178; Summers v. Insurance Company, 53 Mo. App. 521; Hilburn v. Insurance Company, 129 Mo. App. 670, 108 S. W. 576; Howerton v. Insurance Company, 105 Mo. App. 575, 80 S. W. 27; 72 Mo. App. 74.] There are many cases where the point now in hand has been raised and held waived or cured by the answer or by the proof adduced. [Gustin v. Insurance Company, supra; Koropchensky v. Goddard, 226 S. W. (Mo. App.) 343; Wolf v. Fire Insurance Company, 204 Mo. App. 491, 223 S. W. 810.] But in the instant case there is nothing in the answer as to the value of the property destroyed and not a scintilla of evidence in the record in regard to value. The proofs of loss were introduced by plaintiff and it is therein stated that it is verily believed "the dam-

age was caused as therein stated and without fraud or evil practice and that payment of the sum of $785 would be just between the assured and the company.'' But the proofs of loss were not evidence of the value of the property burned and they are not competent on that issue. [Summers v. Insurance Company, supra; New Market v. Insurance Company, 30 Mo. 160; Brown v. Insurance Company, 68 Mo. 133.] The policy and the original application were also introduced in evidence, but nothing in either of these is evidence of value at the time of the loss. [5 Joyce on Insurance, sec. 3769; 19 Cyc. 835; 26 C. J., page 353.]

Plaintiff invokes the rules of intendment and implication when a petition is not attacked until after verdict. All rules of intendment and implication may be invoked in support and aid of the petition, and these rules are very liberal and if there are any allegations from which an essential omitted allegation may be implied the petition will be held to be good. [Vaughn v. May, 217 Mo. App. 613, 274 S. W. 969.] But there is no allegation in the petition from which any inference or implication may be deduced as to the value of the property at the time of the fire or at any time, and by all of the authorities this is an essential and material allegation in an action upon a policy as in this case. Also it is urged that the trial below was waged about the issue of vacancy, and that appellant cannot change fronts on appeal; that the theory below must be the theory here. It is true that the trial below was confined to matters other than the question of value, but the fact that defendant did not bring forward the question of value would not estop it from raising the question of the sufficiency of the petition as to that question. If such were the rule then there would never be a case where defendant, after verdict, would be in a position to complain of such defect as here.

There is no escape from the conclusion that plaintiff's petition fails to state a cause of action and that nothing occurred, as appears from the record, to cure its deficiency. However, it seems, such character of defect is subject to amendment. [Hilburn v. Insurance Company, 129 Mo. App. 670, l. c. 678, 108 S. W. 576.]

Was the policy rendered void because the vacancy provision was breached? A by law, which was made a part of the policy, provides that should a member vacate or remove from a building and leave the same unoccupied, the insurance shall be void unless a vacancy permit is secured. Plaintiff met the contention that the policy was rendered void because of a breach of the vacancy provision on two theories, first, that the dwelling house was not vacated, and second, that, if it was, defendant waived the vacancy provision and cannot complain. In plaintiff's instruction the issue on vacancy was submitted, but in an instruction given of the court's own motion there was an unequivocal direction that within the meaning of the policy

220 Mo. App.—85.

the dwelling, when burned, was vacant and unoccupied. We are of the opinion that plaintiff's evidence of occupancy was not sufficient to raise an issue and that the court's direction was proper and correct. We shall not, therefore, consider the evidence respecting occupancy, except as it may be necessary in passing upon the question of waiver.

The policy was issued June 7, 1922. March 13, 1924, a barn, covered by the policy, burned and this loss was adjusted. The dwelling and smokehouse burned January 31, 1925, and this loss is the one sued for. Defendant had a tenant on the premises part of the time, and this tenant occupied the dwelling from March 12, 1923, until the barn was burned. From that time until the dwelling burned no one occupied the premises except that plaintiff went out from Springfield occasionally on Saturday nights to look after the place, and he testified that on those occasions he occupied the dwelling. Plaintiff testified that he made application for the policy to Joe Diemer, a director of defendant company; and that at that time no one occupied the house except as he, plaintiff, went out from Springfield occasionally; but that he "intended to get part of the rooms rented and me stay there like I was;" and that Diemer said that would be "all right;" that he then described the property and the dwelling to Diemer and that Diemer saw the property; that he told Diemer the amount of household goods he had in the house and "how often I was there." The premises were wholly unoccupied at the time the policy was issued on June 7, 1922, until March 12, 1923, except that plaintiff was at the premises occasionally on Saturday nights as stated. And, according to plaintiff, Diemer knew, when the application was made and when the policy was issued, that the premises were unoccupied, except when plaintiff was there at intervals. Notwithstanding this knowledge by Diemer, assuming he had such knowledge, the policy was issued. The loss of the barn was adjusted and so far as appears here no complaint or question was raised as to the occupancy prior to the time when the tenant began occupying the premises. The tenant moved out the day the barn burned or about that time.

According to plaintiff, in a few days after the barn burned, he and Diemer went to the premises with the view of adjusting the loss on the barn and that on that occasion he explained to Diemer that the tenant had moved out and that the dwelling was then occupied only as it was when the policy was issued, and that Diemer said "it was all right;" that he, Diemer "wanted to know what I was going to do with it, and I told him I intended to stay there and I expected I would rent it, and he said it was all right, I could rent it if I wanted to. He knew I was still living in Springfield. He came out to No. 1903 Missouri avenue where I was staying and took me out to the place and brought me back."

Plaintiff further testified that after the barn burned Diemer wanted "to make some changes," wanted "to fix the policy," and that he, plaintiff, turned the policy over to Diemer; that Diemer said "he would send it to the company and fix it and they would mail it back to me;" that he "got the policy back from the company in this envelope," and that certain changes had been made. The changes made were that certain items covered by the policy as originally written were eliminated. This was done by writing on the policy under or near the item to be eliminated some appropriate expression indicating that such item was no longer included in the policy. The policy was originally for $1475, but after the barn was burned and other items were eliminated, the amount was reduced to $875.

Diemer denied that he was at the premises at the time of the application or in connection with the application. He testified that, prior to the time the barn burned, he had not been on the premises since about 1914, when he was there in connection with a policy he wrote for plaintiff's father. Regarding what took place when the application was made Diemer testified: "When the application was taken, I did not inquire who was occupying the house. He told me he was living in town. I do not recall whether I inquired whether the house was occupied. I did not intend to send the application in for a policy for unoccupied or vacant property. I supposed there was somebody living there. He told me he had a man in there that just left the day the barn burned. When the application was taken, he told me he was going to have a man in there. He voluntarily told me that. I was not back out there after that until the barn burned. He told me he was going to have somebody in there. I think he told me that of his own motion. He did not say who he was going to have in there, but he said he was going to have a man in there. I think I have told everything that passed between us relating to the matter of occupancy of the property, whether it was occupied, or to be occupied. When I sent the application in for the insurance, to the company, it was on the faith of what he told me about how the premises were occupied. I understood he did not live there all the time. I understood that nobody else lived there all of the time. He told me he was going to get a tenant in there. I sent the application in on the faith of his statement that he was going out to the place every other week, and on the faith of his statement that he was going to put a tenant in there. If it burned down, it was his loss, no company pays for an empty house. I relied on the provisions of the policy that he couldn't recover if the house was empty."

In the application was this question: "Is dwelling occupied by owner or tenant?" No answer appears to this question. There are twenty-one other inquiries in the application relative to the risk,

but none are answered. Diemer stated that he did not recall "how it happened that all these questions were not answered."

According to plaintiff's version the policy was issued after Diemer was advised of the character of occupancy. And according to Diemer he just assumed that the premises were occupied. When the loss on the barn was adjusted the policy was modified and continued in force, when the house was vacant, on the promise of plaintiff that he was going to get a tenant. The only reasonable conclusion to draw from this record is that defendant insured a vacant house, and although its vacancy was suggested by the application, the policy was issued nevertheless. Also the conclusion is equally impelling that the policy in part was continued in force and effect after the barn burned when defendant knew that the house was vacant, and the only excuse for this is the uncertain and indefinite promise of plaintiff that he was going to get a tenant. Diemer was commendably frank about the matter as shown by his evidence above where he says that he sent the application in on the faith of his (plaintiff's) statement "that he was going to the place every other week, and on the faith of his statement that he was going to put a tenant in there. If it burned it was his loss, no company pays for an empty house. I relied on the provisions of the policy that he couldn't recover if the house was empty."

If defendant knew that the house was vacant when the policy was issued then recovery cannot be defeated on that ground. [City of De Soto v. Insurance Company, 102 Mo. App. 1, 74 S. W. 1.] When the policy was sent in and certain items eliminated the amount of insurance was reduced and likewise the amount of the assessments was reduced. If defendant then knew the house was vacant it should have cancelled the policy, but instead the policy was returned to plaintiff and he continued to pay the assessments made. Defendant would have the validity of the policy depend upon a promise of plaintiff that he would get a tenant. There was no such provision in the policy, and surely the validity of insurance contracts cannot be made to depend upon such uncertain contingencies. It might have been, had plaintiff tried most diligently, that he could not have obtained a tenant. There is but little substance in the defense based on the ground that the house was vacant.

It is contended that plaintiff was guilty of false swearing in the proofs of loss, and that, therefore, he cannot recover. In the proofs of loss made and sworn to by plaintiff is this question, "Were the premises actually occupied and inhabited at time of loss?" The answer is: "Yes, Mr. Joe Diemer knew how it was occupied." There is no merit to this assignment. Plaintiff merely stated in the proofs the effect of his version as to occupancy.

The trial court should have given defendant's instruction in the nature of a demurrer because the petition did not state a cause of

action, as we have ruled, supra. We have, in view of another trial, however, disposed of the other questions raised by the demurrer.

The admission and exclusion of evidence is assigned as error, but nowhere in the brief do learned counsel point out the evidence upon which this assignment is based. In such situation the point will be considered as waived. We do not think that it is necessary to rule the assignment relative to the instructions. If there is another trial the instructions will be recast to cover the issues.

The judgment should be reversed and the cause remanded, and it is so ordered. *Cox, P. J.,* and *Bailey, J.,* concur.